ABRAM L. SMALL

*v.*

CYRUS BRAINARD.

<table>
<tr><td>44</td><td>355</td></tr>
<tr><td>175</td><td>320</td></tr>
<tr><td>44</td><td>355</td></tr>
<tr><td>108a</td><td>108</td></tr>
</table>

INSTRUCTIONS—*should not assume facts as proven.* In an action of trespass, an instruction to the jury that the plaintiff was "entitled to recover all damages proved to have been sustained by him on account of the trespasses committed by the defendant on the plaintiff's premises as alleged in the declaration," was held to be erroneous, because it assumed the defendant committed the trespasses, and that the only question before the jury was the amount of damages.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of trespass brought in the court below by Cyrus Brainard, against Abram L. Small, and a trial resulted in a verdict and judgment for the plaintiff. The defendant thereupon appealed to this court.

Mr. H. LORING and Mr. T. P. BONFIELD, for the appellant.

Mr. M. B. LOOMIS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass brought for digging a ditch and causing the water to overflow upon the plaintiff's land.

The defendant pleaded not guilty and several special pleas. On the trial the court gave for the plaintiff the following instruction :

" The court instructs the jury for plaintiff, that he is entitled to recover in this action all damages proved to have been sustained by him on account of the trespasses committed by defendant on plaintiff's premises, as alleged in the declaration in this cause."

The appellant objects to this instruction, that it assumes the defendant committed the trespasses, and that the only question before the jury was the amount of damages. The objection is well taken, and we cannot say, on an examination of the entire record, that the jury were not misled. We are the more inclined to reverse the judgment on account of this instruction, because we do not find in the evidence a very good basis for the estimate of the damages, $150, found by the jury. Witnesses give it as their opinion that the plaintiff's land was injured to that extent, but they do not state wherein the injury to that degree consists, nor the facts upon which their opinion is founded. The judgment is reversed and the cause remanded.

*Judgment reversed.*