## BENJAMIN FELSENTHAL ET AL.
## v.
## JOSEPH BLOCK ET AL.

INSTRUCTIONS—MISLEADING.—An instruction which in the outset states the rule of damages and directs the attention of the jury to their assessment, is misleading; it is tantamount to a direction to the jury to proceed at once to the assessment of damages. The true rule is to first direct attention to the issues between the parties, and then instruct them upon the measure of damages in case the jury find any damages are recoverable.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 29, 1881.

This was an action of assumpsit, brought by the appellees against the appellants, to recover damages for the non-performance of the following contract:

" CHICAGO, Dec. 27, 1879.

" Bought of B. Felsenthal & Bros. the following stock, which is to be delivered between the first of January and the first of March, 1880, subject to sight-drafts, viz: from three to five car-loads of stove plates, at twenty dollars per 2,000 pounds, and from three to five car-loads of heavy cast iron, per $23, and the *quantitat* is at the option of the sellers. Further agreed, that instead of three car-loads, it shall be five car-loads of each, and that the stock is to be delivered at Cincinnati, Ohio.

" BLOCK & POLLAK,

" B. FELSENTHAL & BROS."

Appellants failed to deliver any portion of the goods mentioned in the contract within the time agreed upon, and the evidence tends to show that the market price of said goods at and immediately before the expiration of the period fixed by the contract for their delivery was considerably higher than the contract price.

It was claimed by the appellants, in defense, that on the 17th day of February, 1880, the appellees agreed with them to extend the time for the delivery of goods for several weeks, and

that before the expiration of the period of such extension, the price of said goods became greatly depreciated, so as to become considerably lower than the price fixed by the contract. It seems to be undisputed that such depreciation took place on or about the 15th of March, 1880, but upon the question of the extension of the time of delivery, the evidence was very conflicting. Considerable evidence was introduced to show the weight of an ordinary car-load of iron, but it seems to have been finally conceded that by the understanding of the parties at the time the contract was made, a car-load was to consist of 20,000 pounds.

Only one instruction was given to the jury at the instance of the appellees, and that was as follows : ·

" The jury is instructed for the plaintiffs, that the measure of damages in this case is the difference in price between the contract price and the market price at the place of delivery, on the last day of delivery, of so much of the iron as they believe from the evidence, was agreed to be delivered between the first day of January and the first day of March, 1880; if they believe from the evidence that no iron has been delivered prior to the first day of March, unless the jury believe from the evidence that the contract was extended beyond said first day of March, which the defendants must prove by a preponderance of the evidence, to entitle them to a verdict on that ground."

The jury found a verdict for the appellees, assessing their damages at $300, for which sum and costs the appellees had judgment.

Mr. ADOLPH MOSES, for appellants; that the written contract was subject to the construction of the court, and the jury should be properly instructed as to its meaning, cited White v. Murtland, 71 Ill. 250; Lintner v. Millikin, 47 Ill. 178; Jordan v. Easter, 2 Bradwell, 73.

The instruction was erroneous, because it at once discusses the question of damages, thereby assuming there were damages: Small v. Brainard, 44 Ill. 355; Barrelett v. Bellgard, 71 Ill. 280.

Readiness on the part of appellees to receive the iron and

pay for it when shipped, is ignored in the instruction: Hough v. Rawson, 17 Ill. 588; Capps v. Smith, 3 Scam. 177; Ruddock v. Belton, 7 Bradwell, 517.

As to the time of delivery under the contract: Atkins v. Boylston F. & M. Ins. Co. 5 Met. 439; Richardson v. Ford, 14 Ill. 332; Cook v. Gray, 6 Ind. 335; Merning v. McGaughey, 30 Ia. 205; Barker v. Bushnell, 75 Ill. 220.

Mr. W. W. Evans, for appellees; that the burden of proving an extension of time is upon the party claiming it, cited Union Nat. Bank v. Baldenwick, 45 Ill. 375; Hinman v. Pope, 1 Gilm. 131.

An instruction which gives undue prominence to a portion of the evidence is properly refused: Homes v. Hale, 71 Ill. 552; Chittenden v. Evans, 41 Ill. 251; Protection Life Co. v. Dill, 91 Ill. 174.

Where substantial justice has been done, a new trial will not be granted, even though there be error in the instructions: Leigh v. Hodges, 3 Scam. 15; Gillett v. Swett, 1 Gilm. 475; Elam v. Badger, 23 Ill. 498; Dishon v. Schorr, 19 Ill. 59; 3 Graham and Waterman on New Trials, 717; Castleton v. Langdon, 19 Vt. 210.

If there is evidence to sustain the verdict it will not be disturbed: Addems v. Seever, 89 Ill. 482; Lewis v. Lewis, 92 Ill. 237; Chapman v. Burt, 77 Ill. 337; Bishop v. Busse, 69 Ill. 403.

Bailey, J. The instruction given by the court to the jury at the instance of the appellees, though somewhat adroitly worded, was, in our opinion, calculated to mislead the jury. The question of the assessment of damages was one which the jury had no right to consider until they had previously passed upon the issues in the case, and decided them in favor of the appellees. The instruction, however, directs their attention in the first instance to the assessment of damages, and without presupposing any determination of the issues, lays down the rule by which the appellee's damages are to be measured and ascertained. It was substantially tantamount to a direction to the jury to proceed at once to the assess-

ment of damages, thus practically withdrawing from their attention all consideration of the issues in the case. Until the issues were determined, no damages were recoverable, and, until then, there could be no measure of damages, and such measure should have been laid down in an instruction only upon the hypothesis of the issues being found for the appellees.

It is true, the instruction near its close contains a qualification which requires the jury before assessing damages, to find from the evidence that no iron was delivered prior to the first day of March. This was far from being tantamount to a requirement to find the issues for the appellees. The fact thus singled out was only one of several which it was incumbent upon the appellees to establish to entitle themselves to a verdict. The burden was upon them to prove the contract and its terms, and also to show that they themselves were ready and willing to receive the iron, and to pay for it according to the terms of the contract.

For the error in giving the foregoing instruction, the judgment must be reversed and the cause remanded.

Judgment reversed.