## Freeman Wire and Iron Company v. Michael Collins.

1. INSTRUCTIONS—*References to the Declaration.*— An instruction which tells the jury that if they believe from the evidence that the plaintiff has proven by a preponderance of the testimony the allegation in the declaration, then the verdict must be for plaintiff, is erroneous. If it had told the jury that the plaintiff would be entitled to recover if he had proved the material allegations of his declaration, it would have been in harmony with the rule on this question.

2. INSTRUCTIONS—*Assessment of Damages.*—An instruction which authorizes the jury to assess such an amount of damages as from the evidence they believed plaintiff entitled to, in a case which discloses no facts upon which a claim for exemplary or vindictive damages can be predicted, is erroneous.

**Memorandum.**—Action for injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO D. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

JESSE M. FREELS, attorney for appellant; TURNER & HOLDER, of counsel.

FLANNIGAN & WINKELMANN, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee was engaged in the manufacture of barbed wire, as one of appellant's employes, and at the time when he received the injury complained of, was working with a machine which attached the barbs to the wire. A chain which runs the upper part of the machine suddenly broke, and the wire which was passing through the machine, released from its tension, struck appellee in the eye and seriously impaired his sight. At least this is the claim made by appellee, who also contends that the chain which gave way was old and worn out, and that appellant was guilty of negligence in suffering it to remain in the machine. On the part of appellant, it is contended that the chain was new, and that appellee's eye was not struck by the wire, but that the injury was feigned or came from some other cause; also that appellee knew the hazards of the business and understood, or might have understood, the condition of the machine; also that by the exercise of ordinary care he might have avoided the accident. There was evidence on the trial tending to sustain each of the foregoing theories.

On the trial of the case, which resulted in a verdict and judgment for appellee for $600, the court gave the following instruction to the jury at appellee's request: "If from the evidence in this case the jury believe that the plaintiff has proven, by a preponderance of testimony, the allegation in the declaration, then the verdict must be for plaintiff, and it is not necessary to prove the exact date of the injury, nor

Freeman Wire & Iron Co. v. Collins.

prove by witnesses the exact amount of dollars and cents as damages, but the jury may assess such an amount as damages as from the evidence they believe plaintiff entitled to."

This was the only instruction given for appellee, and the three instructions given for appellant do not touch upon the questions presented by the foregoing instruction. In view of this fact and the conflicting nature of the evidence, it follows that if this instruction is erroneous in a vital point, the judgment of the court below must be reversed.

If the instruction had told the jury that plaintiff would be entitled to recover if he had proved the material allegations of his declaration, it would have been in harmony with the holding of the Supreme Court on this question.

Instead of this, however, the instruction stated to the jury that they should find for the plaintiff if he had proved the allegation of his declaration. What allegation—the first or the last? Was it that defendant was a corporation, or that it was engaged in making barbed wire, or that it should have supplied its employes with safe machinery, or that the plaintiff was injured, or that he had paid out money in endeavoring to be cured ?

The error might have been obviated by a few strokes of the pen, perhaps by the addition of the letter " s " to the word " allegation." This seems to be a slight change; and yet there is a wide difference between the meanings of the word in its singular and plural forms.

The instruction is also erroneous in authorizing the jury to " assess such an amount as damages as from the evidence they believe plaintiff entitled to." The record in this case discloses no facts upon which a claim for exemplary or vindictive damages could be predicated; and yet this clause of the instruction is broad enough to cover such damages, and to allow the jury to determine what amount should be recovered without any rule to guide them in making their estimate. The measure of the recovery should have been such damages as appellee had sustained. Keightlinger v. Egan, 65 Ill. 235; Waldron et al. v. Marcier, 82 Ill. 550; James et al. v. Johnson, 12 Bradw. 286; Heimsoth v. Anderson, 16 Id. 151.

It is not necessary to pass upon the other questions discussed in the argument.

The other errors alleged can be obviated on another trial by amendment of the declaration and by greater care in the framing of questions.

Let it be observed that the alleged variance between the declaration and the evidence is too serious to be allowed to jeopardize a judgment when a simple amendment of the declaration would remove all possibility of danger.

The judgment is reversed and the cause remanded.