WILLIS JOHNSON, Jr., *et al.*

*v.*

EMMA L. McGREGOR.

*Filed at Springfield October 14, 1895.*

1. PENALTY—*action under section 132 of Criminal Code is for a penalty.* An action under section 132 of the Criminal Code, (1 Starr & Curtis, p. 792,) to recover treble the moneys lost at gaming, is an action for a penalty.

2. APPEALS AND ERRORS—*appeal lies from Appellate to Supreme Court in action for moneys lost at gaming.* Section 8 of the Appellate Court act (1 Starr & Curtis, p. 702,) allows an appeal from the Appellate to the Supreme Court in an action under said section 132 of the Criminal Code to recover treble the moneys lost at gaming, without regard to the amount sought to be recovered.

3. WITNESSES—*husband a competent witness for wife—when.* Where such action is by a wife, her husband is, under the statute, (Rev. Stat. 1874, chap. 51, sec. 5,) a competent witness in her behalf, the penalty sued for being the separate property of the wife.

4. GAMING—*how treble recovery for money lost is computed.* In such action the recovery is not limited to three times the *net* loss sustained in the *whole period* of gambling transactions, but is computed upon each "time" or "sitting" mentioned by the statute.

5. SAME—*losses of defendant in such action not to be reckoned.* In an action for the penalty named in said section 132, an instruction that the suit "was not brought to determine the losses sustained by the defendants, * * * nor have the defendants any right to recover any such losses in this action," while not entirely appropriate, does not state an incorrect proposition of law.

6. SAME—*no demand necessary before bringing action.* No demand need be made before bringing an action under said section 132 to recover treble the moneys lost at gaming.

*Johnson v. McGregor,* 55 Ill. App. 530, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

CREA & EWING, for appellants.

MILLS BROS., and W. G. COCHRAN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This is a special action on the case, in which appellee recovered judgment against appellants, in the circuit court of Macon county, for $690. That judgment was affirmed by the Appellate Court for the Third District. The action was brought to recover treble the amount claimed to have been lost by appellee's husband, H. B. McGregor, to appellants in certain games of chance, and was based upon section 132 of the Criminal Code, which provides that money or other valuable thing so lost "at any time or sitting," amounting in the whole to the sum of $10, may be recovered by the loser from the winner, and in case the loser shall not sue within six months, it shall be lawful for any person to sue and recover treble the value thereof, one-half to the use of the county and the other to the person suing.

Upon the bringing of the cause here appellee moved to dismiss the appeal, on the ground that no appeal lies to this court, for the reason that the action is a case sounding in damages, and the judgment of the circuit court was for an amount less than $1000, exclusive of costs, and was affirmed by the Appellate Court. The motion was reserved till the final hearing of the cause.

We deem it unnecessary to enter into a discussion of the statute regulating the right of appeal from the Appellate Court to this court. Section 8 of the Appellate Court act designates in what cases the judgment of the Appellate Court shall be final and conclusive and in what cases an appeal shall lie therefrom to this court. This suit is a special action, under the statute, for the recovery of a penalty,—*i. e.*, three times the amount of certain moneys lost at gaming,—and said section 8 allows, in such a case, an appeal from the Appellate Court to this court, without regard to the amount sought to be recovered or of the judgment of the court below. (*Umlauf* v. *Umlauf*, 103 Ill. 651.) The motion to dismiss is overruled.

Appellants contend that the trial court erred in permitting the husband of appellee to testify as a witness in her behalf. Section 5 of chapter 51 of the Revised Statutes provides that where the wife would, if unmarried, be plaintiff or defendant, and where the litigation shall be concerning her separate property, the husband may testify in her behalf. Appellee's right of action is not one resulting from marriage, for if unmarried she might have maintained this suit, inasmuch as the statute permits *any person* who will to sue after the lapse of six months, the loser himself not having sued within that period. When the loser (her husband) did not sue within six months to recover the amount lost by him, and appellee, after the expiration of that period, sued to recover the penalty, the right to the penalty became her personal and separate property, and the amount recovered she may hold free from his interference. We are satisfied, therefore, that the husband of appellee was a competent witness, and that there was no error in permitting him to testify. *Smith* v. *Long,* 106 Ill. 485; *Chicago, Burlington and Quincy Railroad Co.* v. *Dunn,* 52 id. 260.

Appellants contend, in the next place, that the trial court erred in modifying certain instructions offered in their behalf. Said instructions, as asked, told the jury that if, during the period covered by all the games in which appellee's husband engaged with appellants, the money won by the former equaled or exceeded his losses, then appellee could not recover. But the court modified the instructions by substituting the words "on the same occasion" and "on such occasions," for the words "during the same period" and "during the period covered by such gambling," thus limiting appellee to the recovery of the loss at any time or sitting, but not to the net loss of the whole period before the suit was brought. The court, in making such modifications, committed no error. The statute is so clear and explicit on this point that there is no room for any doubt as to its meaning. It expressly

says, "at any time or sitting," in referring to the money
lost at gaming for .which the right of recovery is given,
thereby making each "time" or "sitting" a complete and
separate subject for the penalty thereinafter prescribed.
As said in the opinion of the Appellate Court, "the statute
was designed to punish and discourage gambling by mak-
ing it unprofitable to the winner."

The first instruction given for appellee was as follows:

"The court instructs the jury that this suit was not
brought to determine the losses sustained by the defend-
ants to the witness McGregor, in gaming at their house,
nor have the defendants any right to recover any such
losses in this action."

Objection is made to it by appellants on the ground
that it is at variance with the modified instructions given
for them, and that the language of the second clause is
misleading.  The instruction did not state an incorrect
proposition of law, and although not perhaps entirely
appropriate, still, when read in connection with the other
instructions, we do not see how it could have misled the
jury.  Both McGregor and appellants could not have lost
at any one "time or sitting," and this suit is based upon
the losses of McGregor on such occasions.  Moreover,
had it been proven on the trial that appellants, and not
McGregor, were the losers, they could not recover any
such losses in this action, for McGregor is not a party to
the suit.

Appellants claim, finally, that the trial court erred in
overruling their motion in arrest of judgment. The ground
upon which the motion was made was that the decla-
ration did not allege a demand.  Independently of the
statute appellee would have no right of action, for it
exists by virtue of the statute, only.  The statute creat-
ing the right names the conditions upon which it is based
and points out the manner in which suit shall be brought,
but is silent on the subject of a demand.  It is to be
assumed, therefore, that the legislature intended that a

demand should not be necessary. And especially should it be so held when such a construction is not unreasonable, or inconsistent with the object the legislature manifestly had in view in enacting the statute. The motion, then, was properly overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*