### The North Chicago Street Railroad Company

#### *v.*

### Eunice Honsinger.

*Opinion filed October 24, 1898.*

1. Instructions—*when an instruction is not erroneous, as assuming existence of damages.* An instruction in a personal injury case that "in determining the amount of damages the jury should take into consideration all the facts and circumstances in evidence," etc., is not erroneous, as assuming that damages were sustained, where the defendant admits a technical liability.

2. Appeals and errors—*whether an injury resulted as charged is a question settled in Appellate Court.*  Whether a personal injury shown by the evidence, in an action against a street railroad company, was the result of an old complaint or the direct result of negligence charged in the declaration is a question of fact finally determined by the judgment of the Appellate Court.

*North Chicago St. R. R. Co.* v. *Honsinger,* 70 Ill. App. 101, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. V. Freeman, Judge, presiding.

This is an action to recover damages for a personal injury, brought by appellee against the appellant company.  The declaration charges, that the appellee was a passenger upon the defendant's street railway, and while she was in the exercise of ordinary care for her own safety, the defendant so carelessly managed and handled the car upon which she was riding, that it was suddenly jerked and stopped, so that appellee was thrown from her seat, and received the injuries complained of.  The plea of the general issue was filed.  The trial, which was before the court and a jury, resulted in verdict and judgment in favor of the appellee, the plaintiff below.  This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

Egbert Jamieson, and John A. Rose, for appellant.

Dent & Whitman, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

Only two grounds for the reversal of the judgment below are brought to our attention by counsel for appellant in their brief.  The first of these objections is, that the trial court erred in giving the second instruction which was given for the appellee.  That instruction be-

gins as follows: "In determining the amount of damages, the jury should take into consideration all the facts and circumstances in evidence before them," etc. It is said, that this instruction is erroneous, because it assumes that damages were sustained, and merely leaves it to the jury to determine the amount of the damages. (*Small* v. *Brainard,* 44 Ill. 355). The objection might have force, if there was any controversy about the commission of the injury by the appellant, or about the liability of the appellant. It appears, however, that counsel for appellant in the trial in the court below admitted a technical liability on the part of the appellant. The record shows, that the following statement was made by the counsel for appellant to the court upon the trial: "Well, I suppose we may as well admit a technical liability." In the brief filed by counsel for appellant in this court it is admitted, that "the plaintiff was thrown against the dashboard of the car and received injuries." Counsel further say in their brief: "Upon the trial the defendant admitted a technical liability, but no damages."

The first instruction, given in behalf of the plaintiff below, is as follows: "The jury are instructed that the liability of the company is not disputed, but the amount of damages, if any, is questioned." No complaint is made of the first instruction.

Inasmuch as the liability of the appellant was admitted, the only question for the jury to consider was the amount of damages. It would have been different, if the question of the liability had been disputed. Where an instruction requires the jury to consider the question of assessment of damages before they have previously passed upon the issues in the case, such instruction may be regarded as erroneous as assuming that there are damages. (*Felsenthal* v. *Block,* 8 Ill. App. 425). But such error does not exist here in view of the admission already referred to. The instruction, directing the jury to ascertain the amount of damages, leaves them free to bring in

a nominal amount, if they choose. The second instruction, read in connection with the first, presents to the jury the precise character of their duty under the circumstances of this case.

The second objection relates to the admission of testimony. A physician, when testifying as a witness, was asked an hypothetical question. Counsel for appellant objected to this question, upon the alleged ground that it was incomplete, and did not give the entire history of the case. It appears from the evidence, that the appellee, some eleven years previous to the accident, had suffered a miscarriage, and, as a result, the cervix of the womb had become lacerated; and it was a question, which was submitted to the jury, and which has been determined, so far as we are concerned, by the judgment of the Appellate Court, affirming the judgment of the circuit court, whether or not the injuries shown in evidence were simply the result of the old complaint, or were the direct and immediate result of the shock sustained from the sudden stoppage of the car. The objection to the hypothetical question is, that it omitted any reference to the laceration of the cervix previously existing, and only referred to the injury caused by the sudden jerking and stoppage of the car. When, however, counsel for appellant made this objection to the question, counsel for appellee thereupon amended and changed the question, so as to refer to the matter omitted from it when it was first asked. When the question was thus changed and modified so as to answer the objection made to it, no further objection was made. The alleged defect in the question having been thus cured, we do not consider that any such error was committed as would justify a reversal of the judgment. All the questions of fact are settled by the judgments of the lower courts.

The judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*