### Illinois Central R. R. Co. v. Barthomie Smiesni.

1. INSTRUCTIONS—*Where Evidence is Conflicting.*—Where the evidence is conflicting, it is important that the jury should be correctly instructed.

2. SAME—*Occurrence a Mere Accident.*—An instruction that if the jury believe from the evidence that the whole occurrence was a mere accident, without fault or negligence on the part of the defendant, the verdict should be not guilty, is proper. For a purely accidental occurrence, causing damage without the fault of the person to whom it is attributable, no action will lie; for though there is damage, the thing amiss—the *injuria*—is wanting.

3. MASTER AND SERVANT—*Care of Master in Selecting Servants.*— The master will be held in the selection of the servant to the exercise of care reasonably commensurate with the perils and hazards likely to be encountered in the performance of the duty.

4. SAME—*Servant Knowingly Working with Incompetent Fellow-Servant.*—It is negligence for a servant to work six or seven years with a fellow-servant in the habit of becoming intoxicated under circumstances such that he knew or ought to have known his habits, unless he intended to assume the risk.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed November 28, 1902.

**Statement.**—This was an action on the case brought by appellee against appellant, the Illinois Central Railroad Company, to recover damages for injuries said to have been sustained in a fall while attempting to load car wheels and trucks upon a flat-car. The declaration, which consists of two counts, nearly identical, proceeds upon the theory that the accident occurred on account of the fault of a fellow-servant who was assisting in loading these trucks, and who, it is alleged, was incompetent, and at the time intoxicated; also that the defendant company knew of his incompetency, and that he was addicted to the use of intoxicating liquors, and that it was negligence to retain him in its employ.

On the morning in question about twenty men were engaged in loading trucks on a car. The manner of doing

the work was that these men pushed the trucks on a level for a distance of about seventy-five to one hundred feet, gradually increasing their speed until they were all on a fast run, for the purpose of gaining impetus enough to run the trucks up on an incline to the car. This incline was about seventeen feet in length.

While the foreman was urging them to push forward more rapidly, and while the men were all running, one of them, known as Fritz Becker, stooped down to pick up a piece of wood for the purpose of blocking the trucks, and in so doing he stumbled and fell. The plaintiff was immediately behind him and fell over him, and the man who was immediately behind the plaintiff also fell, the result being, as plaintiff claims, that he received his injuries.

It was contended by plaintiff that the workman Becker was intoxicated; that he was in the habit of so being, and that his foreman knew such fact, and that the plaintiff did not.

The case was tried before a jury in the Circuit Court of Cook County, and a verdict rendered for the sum of $1,500, upon which judgment was rendered and from which this appeal is prosecuted.

W. A. HOWETT, attorney for appellant; J. G. DRENNAN, of counsel.

EDWARD MAHER and JAMES VINCENT O'DONNELL, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

There is evidence in this case introduced in behalf of appellee tending to show that the man whose fall caused appellee to stumble over him, was drunk at the time of the accident.

The charge of his incompetency is based entirely on his alleged intoxication. That he was doing anything improper or unusual at the time is not claimed. It was apparently entirely proper for him to pick up a piece of board for blocking the truck, and, so far as appears, was in the line of his

duty. The accident was one which, it is said, might happen at any time to a sober, industrious man. The witnesses who testified to the employe's habit of intoxication are three in number, and it does not appear that they had such opportunities of knowledge as to give their evidence the weight it might otherwise be entitled to.

On the other hand, it is urged by appellant's attorney that the weight of evidence is almost overwhelming, tending to show that the employe over whom appellee fell was not in the habit of being intoxicated. There is apparently some force in this contention. The foreman under whom he had been working for eight years, and under whom he was working at the time of the accident, states that the said employe "was never drunk, and to my knowledge never had a sign of liquor about him," and that he, the foreman, neither observed nor had any knowledge of his being "in any manner intoxicated" that morning. Similar testimony was given by others who were in the habit of working with the said employe. The foreman further states that any man having any indication of liquor about him would be liable to immediate dismissal, and that he would send such a man "to the office" for such a reason. But in the view we take, it is not necessary to consider whether the employe in question was intoxicated at the time he fell or what were his habits in that regard. The evidence was conflicting, and it was important that the jury should be correctly instructed. West Chi. St. R. R. Co. v. Dougherty, 170 Ill. 379–382. The only negligence imputed to the appellant is that it employed and retained a man who was in the habit of becoming intoxicated, and who by reason of such habit was the cause of appellee's injury, where in the exercise of ordinary care the master should have known of the existence of such habit; that it was negligence for the master not to have known. It is well established that "the master will be held in the selection of the servant to the exercise of care reasonably commensurate with the perils and hazards likely to be encountered in the performance of the duty." Western Stone Co. v.

Whalen, 151 Ill. 472–485; Whitney & Starrette Co. v. O'Rourke, 172 Ill. 177, 181.   On the other hand, if the appellee had, as is alleged, worked six or seven years with the man whose fall caused the injury, under circumstances such that he knew or ought to have known his habits, and especially his condition that morning, it was negligence on appellee's part to work with him unless he intended to assume the risk.   U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100–110; Wright v. N. Y. Cent. R. R. Co., 25 N. Y. 562–566; Davis v. The Detroit & Mil. R. R. Co., 20 Mich. 105–125; Hayden v. Smithville Mfg. Co., 29 Conn. 548–560.

Bearing these principles in mind, we are of opinion that the fifth instruction given in behalf of appellee was erroneous.   It is not sufficient to charge appellant that appellee merely "had no knowledge of the intemperate habits of said other fellow-servant and had no knowledge at the time of the accident that such fellow-servant was intoxicated," if in the exercise of ordinary care he ought to have known the fact.   Appellee was directly behind his said fellow-servant, and if that other servant was so drunk as some of appellee's evidence tends to show, it was for the jury to determine whether appellee was aware of that condition or in the exercise of ordinary care ought to have known it.

The sixth instruction we also regard as misleading.   We discover no evidence tending to show that appellee was injured because of anything hazardous in the work upon which he was engaged.   If it had been hazardous work, appellee does not claim to have been hurt by anything in the nature of the work itself, which was rolling a car truck up an inclined plane to load it onto a railroad car.   His injury was caused alone by his fall, and the fall was not due to anything except that he stumbled over the man who fell down in front of him.

The trial court refused to give an instruction requested by appellant's attorney to the effect that if the jury believed from the evidence that the whole occurrence was a mere accident, without fault or negligence on the part of the defendant, the verdict should be not guilty.   This is a cor-

rect statement of the law applicable to the evidence in the case at bar. Sheldon v. Sherman, 42 N. Y. 484–486. In Cooley on Torts, 2d Ed., p. 91, it is said: "For a purely accidental occurrence, causing damage without the fault of the person to whom it is attributable, no action will lie, for though there is damage, the thing amiss—the *injuria*—is wanting."

The judgment of the Circuit Court must be reversed and the cause remanded.