## John W. Anderson v. Ernestine M. Moore.

1. LANDLORD AND TENANT—*Mechanic Employed to Repair Premises Occupied by Tenant is Landlord's Servant.*—Where a landlord employs a mechanic to make repairs upon premises occupied by a tenant, the mechanic is the landlord's servant where no contract had been let to the mechanic as an independent contractor, nor the premises surrendered to his control.

2. ACTIONS—*Right of Action for Personal Injuries to a Wife is Her Separate Property.*—A right of action for personal injuries to a wife is her separate property, and the husband is a competent witness.

3. INSTRUCTIONS—*Assuming the Negligence of the Defendant, Erroneous.*—An instruction which assumes that the defendant was guilty of negligence is erroneous.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed May 19, 1903.

JAMES EWING DAVIS and HENRY D. BEAM, attorneys for appellant.

A. H. VOLLINTINE and DANIEL McCASKILL, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action brought by appellee against her landlord to recover for alleged injuries said to have been received from sewer gas escaping on account of alleged defective plumbing. Appellant had leased the premises to appellee on a verbal lease. While plaintiff claimed that appellant agreed to keep the flat in repair for a year, this is denied by appellant, and we think the preponderance of evidence on that point is against appellee. It appears, however, that after appellee and her family moved into the flat, the bowl of the water closet became injured and out of repair. Appellant's attention was called to the matter. He went and examined the bowl, and sent a plumber to put in a new bowl. It is claimed that the plumber did not do this work properly, but put in a temporary connection which allowed

sewer gas to escape until twelve or fifteen days thereafter, when the plumber returned and put in a proper connection. During the intervening time appellee claims to have become ill, and attributes her illness to sewer gas, which she says escaped into the premises.

Appellant having employed a mechanic to make repairs upon premises occupied by appellee as a tenant, the plumber must be regarded as the landlord's servant, it not appearing that any contract had been let to the plumber as an independent contractor, or the premises surrendered to his control. Glickauf v. Maurer, 75 Ill. 289–291; Bernauer v. Hartman Steel Co., 33 Ill. App. 491–494. In Peerless Mfg. Co. v. Bagley, 126 Mich. 225, it is held that where a landlord undertakes, pursuant to agreement as to tenancy, to make repairs or improvements for his tenant, he can not relieve himself of the consequences of neglect in the performance of his agreement by employing an independent contractor. If appellee has suffered injuries for which she is entitled to recover, occasioned by the plumber's negligence, she can maintain her action. On the general subject of landlord's liability, see Blake v. Ranous, 25 Ill. App. 486–490; Tomle v. Hampton, 129 Ill. 379–383; U. B. Mfg. Co. v. Lindsay, 10 Brad. 583.

It is urged that the verdict is contrary to the weight of the evidence. We are of the opinion that the evidence does not conclusively establish that sewer gas was allowed to escape into the premises or that appellee's alleged illness resulted from any such cause. The preponderance of the evidence seems to us to the contrary. The judgment must be reversed, however, for other reasons, and we need not consider the evidence at length, nor certain objections to the court's rulings on admission of testimony. No error was committed in allowing appellee's husband to testify in her behalf. A right of action for personal injuries to the wife is her separate property, and the husband is a competent witness. City of Rock Island v. Deis, 38 Ill. App. 409–413; Johnson v. McGregor, 157 Ill. 350–352.

At appellee's instance, the court instructed the jury that

in determining the damages, they had a right to take into consideration all the facts and circumstances in evidence, "the nature and character of the injuries, if any, plaintiff sustained by reason of the negligence of the said defendant in and about the making of the repairs in said building, also, the loss of health, if any, the plaintiff sustained as the result of said negligence;" and the jury are further told that they may allow the plaintiff such damages as they may believe from all the evidence will reasonably compensate her for whatever injuries, if any, "she sustained as the direct result of the negligent acts of said defendant complained of." This instruction clearly assumes that the appellant was guilty of negligence in making the repairs, and that if appellee suffered any injuries, they were the direct result of negligent acts of the defendant. It submits to the jury only whether appellant sustained loss of health as the result of said negligence. Even if the jury should find the defendant guilty of negligence, they would at the most be authorized to award damages for the negligence shown by the evidence, not necessarily that complained of. The instruction is erroneous. I. C. R. R. Co. v. Zang, 10 Brad. 594–597; Small v. Brainard, 44 Ill. 355–356; Am. Ins. Co. v. Crawford, 89 Ill. 62–64; C. & N. W. Ry. Co. v. Moranda, 108 Ill. 576–582.

The judgment of the Circuit Court must be reversed and the cause remanded.