## Chicago, Burlington & Quincy Railroad Company v. Herman Kuck.

### Gen. No. 4,275.

1. MEASURE OF DAMAGES—*when instructions upon, in personal in-
jury case, are erroneous.* Instructions are erroneous which leave the
measure of damages in an action on the case for personal injuries to the
unlimited discretion of the jury.

2. ATTEMPTED DISMISSAL—*when railroad company cannot complain
of an, of a co-defendant.* Where, during the progress of a trial, the
plaintiff by leave of court strikes the name of one defendant from the
summons and in the last amended declaration changes the word " de-
fendants " occurring therein to the word " defendant," the remaining

defendant cannot complain because the plaintiff did not formally dismiss his action as to such co-defendant.

Action on case for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed March 14, 1904.

JACK, IRWIN, JACK & DANFORTH, for appellant; CHESTER M. DAWES, of counsel.

QUINN & QUINN and CHARLES A. WEIBERG, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this action brought by Herman Kuck against the Chicago, Burlington & Quincy Railway Company to recover damages for injuries received by Kuck while in the employ of the company, and which his declaration attributed to the negligence of the company, plaintiff recovered a verdict and a judgment for $1,999, the full amount of the amended *ad damnum* in the declaration. This is an appeal by the railway company from said judgment.

If plaintiff was entitled to recover he was only entitled to compensation. The only instructions given the jury upon the measure of damages were the second and third requested by plaintiff. The second was that if the jury found plaintiff was injured in manner and form as charged in some count of the declaration, and was damaged as charged therein as the result of such injury, they should find for plaintiff, "and fix his damages, if any, at that sum which under the evidence and instructions of the court you find him entitled to." The third, after telling the jury that in determining the amount of plaintiff's damages, if they found for plaintiff, they had a right to consider all the facts and circumstances in evidence, and after enumerating various elements, such as the nature and extent of his injuries, his bodily pain and suffering, etc., concludes as follows: "In estimating the same you may use your personal experience and observation as men, and fix the same at such sum, if any, as you may find him entitled to." These instruc-

tions gave the jury no information concerning the legal rule for the measure of damages in such a case. They contained no intimation that the jury could only award such sum as would compensate plaintiff for his injuries, or what proof would be required in order to authorize punitive damages. They left the jury free to award plaintiff such a sum of money as under their notions of right and wrong they thought plaintiff ought to recover, unguided by any legal rule. The jury may have concluded plaintiff was only entitled to compensation; they may have believed he was entitled to a sum sufficient to support him in comfort for the rest of his life, or even to a sum the annual interest of which would support him; they may have inquired what sum would induce them to incur like risks; they may have had some theory which would entitle him to punitive damages. It was error to leave the measure of damages to the unlimited discretion of the jury. Cases wherein such instructions have been condemned were collected and quoted from by this court in LaPorte v. Wallace, 89 Ill. App. 517. (Freeman Wire & Iron Co. v. Collins, 53 Ill. App. 29.) In Springfield Consolidated Railway Co. v. Puntenney, 200 Ill. 9, such an instruction was condemned, but it was held it was cured by another which, after enumerating the subjects to be considered in determining the damages, authorized the jury to award plaintiff " such sum as in your judgment under all the evidence, will compensate her." Here the defect was not cured by any other instruction. The second did refer the jury to the instructions as above stated, but there was no instruction to which they could refer for the legal measure of damages. The third told the jury they might consider certain enumerated elements, but did not inform them what to do after considering those elements, —whether they should compensate plaintiff or punish defendant or proceed upon some other basis. Plaintiff was sixty-six or sixty-seven years old when he was injured. We cannot know what the jury would have awarded if the instructions had confined them to compensation, nor upon what rule of damages they based their verdict.

Leroy Page was a co-defendant with the railway company till near the close of the trial, when plaintiff by leave of court struck his name from the præcipe for the summons and from the last amended declaration, and changed the word "defendants" to "defendant" wherever it occurred in the last amended declaration. Plaintiff should also have dismissed the suit as to Page, and he was entitled to a judgment for his costs. But we are unable to see that the railway company has substantial ground of complaint in this respect. The course pursued amounted to an abandonment of the suit as to Page. He is not complaining of the failure to award him judgment for his costs. Under a motion to retax costs the railway company can avoid any effort to collect from it costs made by or on account of Page.

For the error in giving to the jury the second and third instructions requested by plaintiff, the judgment is reversed and the cause remanded.

*Reversed and remanded.*