## Charles C. Haisler v. C. B. Hayden, Jr.

### Gen. No. 12,188.

1. RIGHT OF RECOVERY—*when instruction as to, erroneous.* An instruction which authorizes the jury to proceed to the assessment of damages before they have passed upon the question of the right to recover, is erroneous.

2. MEASURE OF DAMAGES—*when instruction as to, erroneous.* In an action where punitive damages cannot properly be allowed, it is error to instruct the jury that they may find for the plaintiff in such amount as they believe from the evidence the plaintiff is entitled to recover.

3. OVERFLOW OF WATER—*when liability for, does not exist.* The owner of premises from which water has flowed to and upon the premises of another, is not liable for the resulting damage if such overflow was a mere accident.

Action on the case to recover damages for overflow of water. Appeal from the County Court of Cook County; the Hon. A. J. CLARITY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed January 30, 1906.

MATTHEW J. HUSS, for appellant.

N. A. LOUGH, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the County Court in an action to recover damages for an alleged overflow of water from appellant's premises in the second story of a

building in Chicago, upon appellee's premises on the first floor of the same building.

The question before the court and jury was whether or not appellant, the defendant, was guilty of the negligence which caused the damage.

Appellee requested and the court gave the following instruction:

"2. The court instructs the jury that in this cause the plaintiff is entitled to recover such damages, if any, suffered and sustained by him, as shown by the preponderance of the evidence, through the carelessness and negligence of the defendant, if shown, in permitting the water to overflow the premises of the plaintiff from the premises of the defendant."

This instruction is bad because it assumes facts not proven. It assumes that appellant owned and controlled the premises. It also assumes that the defendant, appellant, permitted the water to overflow. Both of these facts were strenuously disputed, if indeed, there was any evidence tending to show such facts.

The instruction is adroitly worded, and in our opinion was well calculated to mislead the jury. It tells the jury to proceed to the assessment of damages without first passing upon the issues in the case. They had no right to consider the assessment of damages until they had previously passed upon the issues of the case and decided them in favor of appellee. Felsenthal v. Block, 8 Ill. App., 425; City of Elgin v. Nofs, 96 Ill. App., 291.

Appellee requested and the court gave the following instruction:

"3. The court instructs the jury that if you believe from the evidence that the plaintiff sustained damages by reason of the defendant carelessly and negligently permitting the water to overflow the premises of the plaintiff, then your verdict should be for the plaintiff in such an amount as you believe from the evidence he is entitled to recover."

This instruction is subject to the same objections as the other instructions above quoted.

The evidence in this case discloses no facts upon which could be predicated a claim for exemplary or vindictive damages. This instruction is broad enough to cover such damages. The measure of recovery in this case should have been confined to such damages as appellee had sustained. Freeman Iron & Wire Co. v. Collins, 53 Ill. App., 29; James v. Johnson, 12 Ill App., 286.

Appellant requested the following instruction:

"The jury are instructed that if they believe from the evidence that the whole occurrence about the alleged overflow or leakage of water was a mere accident and that it happened without any fault or negligence on the part of the defendant, your verdict should be 'not guilty.'"

The court refused to give the instruction. This was error. The instruction should have been given. Ill. Cent. R. R. Co. v. Simiesni, 104 Ill. App., 194, and authorities there cited.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*