Maria Rago, Appellee, v. Katrina Napole Veneziano et al., Appellants.

### Gen. No. 15,125.

1. APPEALS AND ERRORS—*how joint appeal perfected.* An appeal prayed and allowed by several defendants cannot be perfected by one of them.

2. APPEALS AND ERRORS—*when irregularities waived.* The perfecting of a several appeal where the prayer and allowance thereof is joint, is waived by joining in error.

3. APPEALS AND ERRORS—*what final judgment.* If a judgment is entered determining the merits of a controversy arising at law and a motion subsequently is made to set aside such judgment and overruled and an appeal taken, the final judgment in the cause is that order which determines the merits of the controversy.

4. APPEALS AND ERRORS—*when costs of additional abstract not taxed against appellant.* The costs of an additional abstract will not be taxed against appellant if the appellee in making up the same has not conformed to the rule of court which provides that the contents thereof shall be confined to the matters omitted by the appellant.

5. HUSBAND AND WIFE—*when former competent witness for latter.* In a suit which pertains to the wife's separate property the husband is a competent witness for her.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 19, 1910.

FRANCIS BORRELLI, for appellants.

JOHN C. TRAINER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for assault and battery, in which plaintiff recovered a judgment against defendants on the verdict of a jury for $250. Defendants prosecute this appeal.

There are many irregularities in the prosecuting of this appeal. In the first place, the appeal prayed and allowed was joint, yet it was perfected by only one of the defendants. Although all the defendants assign errors, plaintiff has joined in error without raising the question of the irregularities referred to. By so doing we are of the opinion that such irregularities are waived. We think the reasoning in Pearce v. Swan, 1 Scam. 266, contained in the quotation from Mitchell v. Jacobs, 17 Ill. 234, is appropriate to the condition confronting us in the case at bar. It is as follows: "Taking the appeal, executing the bond and delivering the

papers to the Circuit Court, are the means provided by law for transferring the cause from the justice and constable to the Circuit Court. These measures are in the nature of process to remove the cause from the inferior to the superior court. When process by which a court obtains jurisdiction of a cause is irregular, and no objection is made, the irregularity is waived. The irregularity is not like the case of a defective jurisdiction over the subject-matter; for the statute gives jurisdiction to the justice and constable in the first instance, and to the Circuit Court by appeal". By analogy, the principle announced is of equal application to the condition presented by the record in this case. The Circuit Court had jurisdiction of the case and granted the appeal in approved form. This court has jurisdiction of the subject-matter of the appeal. The infirmity pointed out rests in irregularity of procedure. No objection being made to such irregularity, it is waived. All parties to the cause have voluntarily submitted themselves to this court's jurisdiction, and we will therefore proceed to review the record and search therein for such errors as will, in the condition of the record, permit of our review. We will treat the case as pending upon a writ of error upon the theory stated in Dearth v. Bute, 71 Ill. App. 487, where the court, answering an objection to irregularities of the nature of those found in this record say: "But appellees have filed briefs. In such case the Court may treat the cause as if pending upon a writ of error sued out by the party assigning errors and may disregard the irregularity of the attempted appeal." Lancaster v. Waukegan, 132 Ill. 492; Davis v. Lang, 153 ib. 175.

Defendants argue two questions: First, that the admission of the husband of plaintiff as a witness in her behalf was erroneous, and second, that the verdict is not sustained by the proofs. Preliminary to discussing these two points we will note the condition of the record. On April 3, 1908, the verdict of the jury was rendered and defendants moved for a new trial. On

April 11, 1908, the motion for new trial was overruled and judgment entered on the verdict. No exception was preserved to the action of the court either in overruling the motion for a new trial or in entering judgment upon the verdict, and no appeal was prayed. April 18, 1908, defendants entered a motion to vacate the judgment, which the court denied on April 22, 1908. To the action of the court in denying the motion to vacate the judgment defendants excepted and prayed an appeal. The judgment was entered at the March term 1908, and the motion to vacate denied and appeal prayed at the April term of the court. In this state of the record the judgment is the final order in the case. Proceeding on the theory that the cause is here for review as on a writ of error, we are limited in our review to such questions as are raised by objections to the evidence and assigned for error and argued in defendants' brief. We may search the record to ascertain if there is any evidence in it to sustain the verdict, and if we find such evidence we cannot proceed further to test its probative force.

First. The objection that the husband of plaintiff was not a competent witness for his wife, is not well taken. The statutory disability is confined to the wife being competent to testify for her husband, but does not affect the competency of the husband to testify in the wife's interest. Section 5, chapter 51, Revised Statutes, provides that where the wife would, if unmarried, be plaintiff or defendant, and where the litigation shall be concerning her personal property, the husband may testify in her behalf. Johnson v. McGregor, 157 Ill. 350. Plaintiff in this case sought to recover damages for an assault and battery made upon her by defendants. Her being *covert* in no way affected her right to maintain such action. The right was personal to herself, and her husband was therefore a competent witness in her behalf in force of the statute *supra*.

Second. Excluding all the testimony to which defendants objected, there still remains sufficient evi-

dence from which the jury might find a verdict in favor of plaintiff and assess her damages at the sum they did.

The denial by the court of the motion made to dismiss as to certain of the defendants was without error. All of the defendants were shown, by the evidence then in the record, to have been involved in the assault upon plaintiff, and it was for the jury to decide whether all the defendants were so involved, or only some of them, and if not all, then which of them.

Plaintiff moves the court to order the cost of the additional abstract to be taxed against defendants as costs in this cause. This we cannot do. Counsel failed to conform to the rule of court by confining his additional abstract to matters omitted by defendants. While matter omitted from the original abstract appears in the additional abstract, yet much of the latter is mixed in with matters contained in the former. The motion to tax the additional abstract as costs in the cause is therefore denied.

Within the limitations of our review of the record as indicated in this opinion there is no reversible error, and the judgment of the Circuit Court must be and is affirmed.

*Affirmed.*