20        APPELLATE COURTS OF ILLINOIS.

## The People of the State of Illinois, Plaintiff in Error, v. Albert Zeutschell, Defendant in Error.

### Gen. Nos. 20,022-20,033.

1. APPEAL AND ERROR, § 1669*—*when irregularity in perfecting appeal waived.* Where there are irregularities in perfecting appeals from a justice court to the Criminal Court, in that the bonds were not filed and approved by the same officer, or were not filed within the statutory time, the irregularities may be considered waived by the parties appearing in court and proceeding to dispose of the causes without objection.

2. APPEAL AND ERROR, § 788*—*burden of preserving matters for review.* The burden is upon a plaintiff in error to preserve for review the matters before the trial court, and the failure to do so is not cured by attempting, even with success, to show the weakness of the various considerations which may or may not have been presented to the lower court and moved it to its conclusions.

3. APPEAL AND ERROR, § 1318*—*when order dismissing appeal presumed justified.* On writ of error to reverse an order dismissing an appeal from a justice court, it will be presumed there were sufficient matters presented to the court to justify the order, in the absence of a bill of exceptions.

Error to the Criminal Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

MACLAY HOYNE, for plaintiff in error; LLOYD C. WHITMAN, of counsel.

FELIX J. STREYCKMANS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Twelve cases of *The People v. Zeutschell,* bearing the above numbers and pending in this court on writs of error to the Criminal Court, have been ordered consolidated for hearing, and the judgment of this court will be entered in each of said cases.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The cases were begun before a justice of the peace, and in each plaintiff claimed of defendant a penalty for the violation of a section of the statute providing for the creation of anti-saloon territory. Hurd's Ill. St. 1913, ch. 43, p. 1025 (J. & A. ¶¶ 4648, 4650-4652.) Upon the trial defendant was adjudged guilty and fined. Within twenty days thereafter appeal bonds in all the cases were approved by the justice but not filed with him. In ten of the cases the bonds were filed with the clerk of the Criminal Court within twenty days, and in two of the cases within twenty-one days, after the entry of the judgments. On October 14, 1912, the defendant moved in the Criminal Court to dismiss the suits and, as the record has it, by "express consent and agreement of said parties hereto by their respective attorneys now here given and made in open court," it was ordered that "this cause" be continued to October 19th. No order appears to have been made on October 19th, but on November 16th in six of the cases, and on December 7th in the remaining cases, the following was entered by the court: "This day come the said parties hereto by their respective attorneys. And on motion of counsel for said appellant, it is ordered by the court that this cause be and the same is hereby dismissed out of this court, without costs, and that the said defendant go hereof without day."

Plaintiff contends in this court that the entry of these orders of dismissal was erroneous and that the judgments should be reversed. It is suggested but not argued by the plaintiff that there were certain irregularities in perfecting the appeals from the justice court to the Criminal Court, in that the bonds were not filed and approved by the same officer, either the justice or the clerk of the Criminal Court, and in two cases were not filed within the statutory time. We are of the opinion that where, as is the case here, both parties appear in court and proceed to dispose of the cause without objection, such irregularities, if any,

will be considered waived. *Jarrett v. Phillips,* 90 Ill. 237; *Gallimore v. Dazey,* 12 Ill. 143; *Rago v. Veneziano,* 155 Ill. App. 557. These points cannot be raised for the first time in this court. *Beardsley v. Hill,* 61 Ill. 354.

It is urged by the plaintiff that the jurisdiction of the justice should not have been determined by the Criminal Court from the process issued by the justice or from the record made by the justice, but that it should have been determined from the evidence upon a trial of the cases *de novo* in the Criminal Court. To this the defendant replies that as there is no bill of exceptions before us, it cannot be said that the Criminal Court determined the question of the jurisdiction of the justice, and furthermore that, in the absence of a bill of exceptions showing the contrary, it will be presumed on appeal that the order of dismissal was properly entered. There is no doubt that this is in accord with the general rule. *People ex rel. Mouschenrose v. Drainage Com'rs Big Lake Spec. Drain. Dist.,* 156 Ill. 614; *Mullen v. People,* 138 Ill. 606; *Blair v. Ray,* 103 Ill. 615. It sufficiently appears from the record that something was presented to the trial court which led it to rule favorably on defendant's motion to dismiss the cases. Respective counsel say there were matters considered by the court on the motion, but they do not agree, at least in argument, as to what these matters were, and without a bill of exceptions we cannot know. In such a situation we fail to see any reason why the ordinary rule should not prevail, and we must therefore presume the sufficiency of the matters presented to justify the orders of dismissal.

Proceeding upon the assumption that the court dismissed the cases before trial because of its conclusion that the justice had no jurisdiction, plaintiff, by argument and citations, maintains that this could not properly be done. It seems to us, however, that even if it should be conceded that such a course was erroneous

plaintiff would not thereby be aided, for as we must presume some justifiable ground for the action of the court, it would follow that the ground attacked by plaintiff could not be the ground which moved the court to its conclusion.

Plaintiff would seem to assert that because we cannot say from the law record what was before the court which moved it to dismiss the cases we must conclude that its action was erroneous. As held in the cases cited above, the correct rule is just the reverse of this. The burden was upon plaintiff in error properly to preserve for review the matters before the trial court, and the failure to do this is not cured by attempting, even with success, to show the weakness of the various considerations which may or may not have been presented to the court and moved it to its conclusion. In the absence of a bill of exceptions we cannot say that there was error in the orders of the court, and the judgments are affirmed.

*Affirmed.*