## Ora Crawford, Administratrix of the Estate of Luther Crawford, Deceased, Defendant in Error, v. Samuel T. Zachary, Plaintiff in Error.

### Gen. No. 7,718.

1. DEATH BY WRONGFUL ACT—*insufficiency of evidence of damages from tortious death.* In an action of trespass for the wrongful death of deceased for the benefit of the widow and next of kin where it appears that the jury were not confined in finding damages to the pecuniary loss sustained by the widow and next of kin and that they returned a verdict for the maximum amount allowed under the statute, and there is no evidence of pecuniary loss or to support such recovery, the judgment will be reversed.

2. DEATH BY WRONGFUL ACT—*instruction leaving measure of damages for tortious death to jury as error.* In an action for death of plaintiff's intestate by the wrongful act of defendant it was error to instruct the jury on the measure of damages if they found for plaintiff to "fix the plaintiff's damages at such sum as the jury may believe from the evidence she has sustained."

Error by defendant to the Circuit Court of Morgan county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1924. Reversed and remanded. Opinion filed October 22, 1924.

WM. N. HAIRGROVE and WM. T. WILSON, for plaintiff in error.

WALTER W. WRIGHT, JOHN J. REEVE and HUGH GREEN, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This action of trespass was commenced by Ora Crawford as administratrix of the estate of Luther Crawford deceased, for the benefit of herself as widow and the next of kin of said deceased, against Samuel T. Zachary, plaintiff in error, to recover damages for wrongfully causing the death of the deceased,

which occurred on the 16th of November, 1921, as the result of gunshot wounds inflicted upon the deceased by Zachary. The trial of the case resulted in a verdict and judgment in favor of the defendant in error, for the sum of $10,000 which is the limit fixed by the statute, for recovery in a case of this kind. A writ of error is prosecuted to review the judgment.

Various questions are raised by the plaintiff in error concerning the admission and rejection of evidence offered on the trial. It is not deemed necessary to discuss these questions in detail, but it is sufficient to say that we find no reversible error in the rulings of the court in that regard. We find no evidenciary basis in the record, however, for the allowance by the jury of the largest amount which could be recovered under the law. The measure of damages as fixed by the statute is "a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person"; and the jury may give only such damages as they shall deem or consider as coming within that measure. Cahill's Ill. St. ch. 70, ¶ 2. "The only injury for which a jury can estimate damages, is a pecuniary injury, that is, what have the widow and next of kin lost, in a money view, by the death? Nothing is to be allowed by way of solace." *Illinois Cent. R. Co. v. Weldon*, 52 Ill. 290, 295. While there is no rule by which the pecuniary loss can be exactly determined, it is not necessary that the evidence shall afford data from which the extent of the pecuniary loss can be ascertained with certainty, but the jury should calculate the damages with reference to a reasonable expectation of benefit from the continuance of the life of the deceased, and what the widow and children might reasonably expect to derive as a pecuniary benefit from the continued life of the deceased. *McFarlane v. Chicago City Ry. Co.*, 288 Ill. 476. It is clear that the amount of recovery is limited to pecuniary loss, and, inasmuch as the compen-

sation provided for by the statute is for the pecuniary loss only, the evidence should be confined exclusively to that. *North Chicago St. R. Co. v. Brodie,* 156 Ill. 317. Pecuniary loss is held, as to lineal kindred, to mean what the life of the deceased was worth in a pecuniary sense to them. *Chicago & A. R. Co. v. Shannon,* 43 Ill. 338; *Quincy Coal Co. v. Hood,* 77 Ill. 68. Such pecuniary loss "can be easily determined by proof of personal characteristics of the deceased, his mental and physical capacity, his habits of industry and sobriety, the amount of his usual earnings, by proof of what he might, in all probability, earn for the future support of his wife and children; and in this consists essentially the loss to the family." *Chicago & A. R. Co. v. Shannon, supra; Illinois Cent. R. Co. v. Weldon, supra.* Or as stated in *Jury v. Ogden,* 56 Ill. App. 104: "The amount to be recovered is what the statute regards as the pecuniary value of the addition to such estate left as the deceased, in reasonable probability, would have made to it and left, if his death had not been so wrongfully caused. It is to be estimated by the jury from all the facts and circumstances proved, his prospect of life and his means, opportunities, ability and habits, with reference to the making and saving of money or money's worth." *Chicago, P. & St. L. R. Co. v. Woolridge,* 174 Ill. 330. In this case none of the elements which are defined by the authorities, referred to as a proper basis for estimating the amount of pecuniary damages suffered by the widow and next of kin, appear to have been proven. The court gave the jury the following instruction concerning the measure of damages, at the instance of the defendant in error. "If the jury find the defendant guilty, they will fix the plaintiff's damages at such sum as the jury may believe from the evidence she has sustained. In *Chicago, B. & Q. R. Co. v. Kuck,* 112 Ill. App. 620, the court in passing on instructions concerning the measure of damages, of similar general import, makes

the following comments: "These instructions gave the jury no intimation   *   *   *   that the jury could only award such sum as would compensate plaintiff" * * * but "left the jury free to award plaintiff such a sum of money as under their notions of right and wrong they thought the plaintiff ought to recover, unguided by any legal rule." And, "it was error to leave the measure of damages to the unlimited discretion of the jury." *Chicago, B. & Q. R. Co. v. Kuck,* 112 Ill. App. 620. The recovery of the damages in this case comes directly within the criticism made in *Illinois Cent. R. Co. v. Weldon, supra:*

"There was no proof that the deceased earned, annually, one-half of that amount by his labor, or that his prospects were such, and such his business capacity, as to justify a reasonable expectation that he would, in the future, earn one-half the interest on that sum. He was a common laboring man, but at what wages there was no proof.   *   *   *   If the deceased was poor, the loss may consist in the fact that his personal exertions can no longer support those dependent upon him, but the subject itself does not lie within the limits of exact proof. While this is so, yet surely some evidence should be given of the profits of the labor of the deceased, and what he might, in all probability, earn for the future support of his wife and children. In this consists essentially the loss to the family. If some rule is not prescribed by which juries must be governed in such cases, the result will be in all cases a verdict to the extent of the law. The jury have no right to find arbitrarily, that the death of any husband and father results in a pecuniary loss to his widow and next of kin of five thousand dollars. A verdict rendered without evidence on a material point, and for the largest amount provided by law, bears very much the appearance of being the result of prejudice and passion."

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*