HORACE STOCKING

v.

BRADLEY J. KNIGHT.

CERTIORARI.—A petition for certiorari which stated that the petitioner was informed by one of his attorneys, also by appellee's attorney, that in lieu of his appealing, as he intended doing, a compromise was effected by the aforesaid attorneys by which he was to pay the costs of said suit and return his horse as agreed, and the judgment of ten dollars was to be released against him, and relying upon such information he did not appeal within the twenty days, but the judgment was not released against him. *Held*, that the petition does not state a sufficient reason for not taking an appeal.

APPEAL from the Circuit Court of Ogle county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed June 8, 1886.

Mr. B. A. KNIGHT, for appellant; cited Russell v. Pickering, 17 Ill. 31; First Nat. Bk. v. Beresford, 78 Ill. 391.

Mr. D. W. BAXTER and Messrs. FOWLER BROTHERS, for appellee; cited O'Hara v. O'Brien, 4 Bradwell, 154; White v. Frye, 2 Gilm. 65; Lord v. Burke, 3 Gilm. 363; Cushman v. Rice, 1 Scam. 565; Stout v. Slattery, 12 Ill. 162; McKing v. Newberry, 37 Ill. 91.

WELCH, J. Appellant files his petition for a writ of certiorari, which writ was issued. Appellee moves to quash the writ

and dismiss the petition, which motion was allowed, writ quashed, and petition dismissed, from which order this appeal is taken. The question presented is as to the sufficiency of the petition. The statute requires that the petitioner shall show by his petition that the judgment before the justice was not the result of his negligence; second, that the judgment is unjust and erroneous; third, that it was not in his power to take an appeal in the ordinary way. The reason given by the appellant in his petition why it was not in his power to take his appeal in the ordinary way was " that he was informed by one of his attorneys, also by the attorney for the appellee, that in lieu of your petitioner appealing, as he intended doing, a compromise was effected by the aforesaid attorneys by which your petitioner was to pay the costs of said suit and return his horse as agreed, and the judgment of ten dollars was to be released against him," and that he, relying upon the information received from the attorney aforesaid, did not take an appeal, and that he has paid the costs of the aforesaid suit, but the judgment has not been released against him, and that the appellee refuses to release said judgment and asserts his intention to abide by the aforesaid judgment, and that he was not made aware of this intention until after the twenty days for an appeal had passed.

Does this petition state a sufficient reason for not taking an appeal? We hold not. The attorney for the appellee had no right to give away any portion of the appellee's judgment, nor to make any such agreement as is stated, and appellant had no right to delay taking an appeal on account thereof. "An attorney employed to collect a debt can only obtain judgment, have execution issued, receive and receipt for the proceeds;" but he can not compromise the debt, give day of judgment, receive less amount, or anything but money in satisfaction. Nolan, Adm'r, v. Jackson, 16 Ill. 273.

There is no pretense that the appellee made any contract, or that he did or said anything to influence the action of appellant in taking an appeal.

We hold that the petition was insufficient and that there was no error in quashing the writ and dismissing the petition.

Judgment affirmed.