BERNARD GRAFF

V.

HARRIS SMOLENSKY.

Certiorari—Laches—*Promise to Dismiss Suit—Consideration.*

1.  A plaintiff in a given suit promising to dismiss the same, upon the receipt of a valuable consideration therefor, is bound thereby.

2.  No question of *laches* is involved upon the issuance of a writ of *certiorari* at any time during the period prescribed by the statute.

[Opinion filed January 22, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. MOSES, NEWMAN & PAM, for appellant.

The judgment at bar was rendered October 6, 1885, and the six months expired on April 5, 1886. This was the last day of the six months. The statute can not be construed to mean that a party injured by a wrongful judgment may wait fully six months before suing out the writ; such party must exercise due diligence, and in analogy to the right of appeal, which expires in twenty days, a reasonable time should not extend beyond the period of twenty days. Thus when petitioner discovered in January, 1886, that he was injured by an unjust judgment, it was his duty within twenty days to procure a writ of *certiorari*, and having waited until April 5, 1886, he was guilty of such *laches* as to bar the remedy. If this were not so, a petitioner *in certiorari* would stand on more favorable grounds than the ordinary defendant, who must appeal in twenty days.

In Tennessee no statutory limitation exists, as in Illinois, in reference to the writ of *certiorari*, but a rule of diligence has been established by the Supreme Court of Tennessee compelling parties to go to the next term of court for a *certiorari*. It will be found that if parties are guilty of negligence in this regard the writ is quashable. Thus, in McMurray v. Milan, 2 Swan, 177, a party had been sued in many cases, making in the aggregate an amount *that would ruin him.* A judgment had been rendered on the 18th day of February 1852, for $201, upon which execution had been issued. On the 9th of April, 1852, he filed a petition for *certiorari*. The court says: " This is certainly a strong case of merit, and relief ought to be extended if it can be done without a violation of the settled rules of law; and in a case of so much hardship and such strong merits we would be inclined to strain those rules, if it were not for the mischievous effect of such a precedent and the importance of adhering to settled principles.   *   *   *

It was decided in this State, as early as 1808, in Henderson v. Lockey, 2 Tenn. 110, that there were but two grounds for dismissing this writ. First, not showing satisfactorily why the ordinary remedy by appeal was not resorted to. Second, for want of merits on the face of the petition." The court discusses the insufficiency of the petition, and concludes by saying, that "Sound and necessary policy so well established requires every man to attend to his suits at a designated time, and that there should be an end to litigation, and forbids that a judgment should be disturbed and the rights of parties unsettled under such circumstances as surround this case."

In Johnson v. De Berry, 10 Humphrey, 440, the judgment before the justice was rendered on the 7th of August, 1849. *Certiorari* was applied for on the 18th of October, 1849. The court took judicial notice that a term of court was held on the fourth Monday in August, and that no reason was shown in the petition for not removing the proceeding to the first term of the Circuit Court. It was held that this delay was fatal, and as *certiorari* is only a substitute for an appeal, it will be granted and allowed only where reasonable and proper diligence is used to procure it (citing authorities).

To the same effect are Lanier v. Sullivan, 1 Head, 440; Newman v. Rogers, 9 Humphrey, 121.

An attempt was shown in the last cited case to excuse the neglect, but the court said that " To sustain the application would be to contravene the uniform current of decisions on this subject, and encourage gross negligence and promote interminable litigation." See, also, Porter v. Wheaton, 5 Yerger, 108.

In North Carolina a *certiorari* might be sued out at any time within five years, in analogy to the statute, allowing five years for writs of error. Yet, in Bowman v. Foster, 32 N. C. 48, a writ was dismissed because the delay was continued for two and one-half years after the judgment was rendered, constituting such *laches* as precluded him from his remedy. See, also, Austin v. Bush, 11 Col. 198; 17 Pac. Rep. 501.

The petition was deficient in substance according to all the authorities in the Supreme Court and in this court. The peti-

tioner, Smolensky, was guilty of gross negligence in relying upon the plaintiff for information as to the judgment. It was his duty to inspect the docket and see that the case was dismissed.

It appears from the transcript that there had been several continuances in the case, and it had been continued from September 26, 1885, to October 3d; from thence by agreement to October 5th, at nine o'clock in the morning. The case was then continued to October 6, 1885, and judgment was taken.

The general doctrine as to negligence is, that there must be freedom from negligence, and that a judgment was not suffered through negligence. The jurisdiction of the court is statutory, and it must appear from the record, and where inconsistent reasons are assigned in the petition, those most unfavorable to the petitioner must be adopted as the ground assigned. O'Hara v. O'Brien, 4 Ill. App. 154.

In the case just cited the petition alleged that the petitioner had once paid the money into court according to the law, and that by the false and fraudulent representations of the plaintiff in that action, the petitioner has been led to believe that said judgment would not be enforced against him until it was too late to take an appeal in the ordinary way. The Appellate Court of the Fourth District reversed the judgment, with instructions to quash the writ of *certiorari* because inconsistent and contradictory allegations had been made in the petition which could not be reconciled. The last allegation was taken to be true—that the appellee knew of the judgment and did not take an appeal because of the false and fraudulent representations of the plaintiff without stating what those representations were.

The petition at bar is inconsistent in alleging the payment of $25 and producing a receipt in full for $1. The allegation of the sending of the dozen of live geese is deficient because he fails to state how he sent them, and that Graff received them; *non constat*, but he may have sent them and Graff did not receive them. The petitioner impleads *Bernard* Graff and produces a receipt of *Barnett* Graff. In fact, the petition lacks precision and clearness of statement.

See, also, Cushman v. Rice, 1 Scam. 565; White v. Frye, 2 Gilm. 65; Lord v. Burke, 4 Gilm. 363; Murray v. Murphy, 16 Ill. 275; Russel v. Pickering, 17 Ill. 31; Clifford v. Waldrop, 23 Ill. 336; Davis v. Randall, 26 Ill. 243; First National Bank v. Beresford, 78 Ill. 391; President, etc., of Town of Waverly v. Kemper, 88 Ill. 579.

Mr. A. W. Brickwood, for appellee.

The writ of *certiorari* being a statutory one, it is only necessary for us to inquire if the requirements of the statute relating to the form and contents of the petition have been complied with, and if so, was it filed in time?

Section 76, Chap. 79, p. 1461, of the Rev. Stat. of Ills., Starr & Curtis, governs the contents of the petition, and we respectfully submit that a careful reading of the petition in this case will disclose the fact that the requirements of the statute which requires that the petition shall set forth and show " that the judgment before the justice of the peace was not the result of negligence in the party praying such writ— that the judgment, in his opinion, is unjust and erroneous, setting forth wherein such injustice and error consists, and that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing," have been literally complied with.

In fact, the petition as a whole not only complies with the statute in every detail, showing the original judgment as erroneous and unjust, entered without negligence on the part of the petitioner, in disclosing a meritorious defense, and that an appeal could not have been taken in the ordinary way, but it is in harmony with all the decisions of Supreme and Appellate Courts of this State. Gallimore v. Dazey, 12 Ill. 143; Stout v. Slattery, 12 Ill. 163; Howe v. Harris, 44 Ill. 34; Davis v. Randall, 26 Ill. 243; McNerney v. Newberry, 37 Ill. 91; Stocking v. Knight, 19 Ill. App. 501.

A most searching examination of every decision in our State will convince any one, that in this case the writ was properly allowed, and the cases cited by appellant's counsel only add strength to those cited herein.

Graff v. Smolensky.

In the case of Stocking v. Knight, *supra*, the court, in holding that an agreement by an attorney was not sufficient, says : " There is no pretense that appellee made any contract or said anything to influence the action of appellant." In the case at bar, it was the plaintiff who made the promise and lulled the defendant into security before the judgment was entered. And in this last regard, it differs from many of the cases cited, where the judgment had already been entered, and the record made. There was no indebtedness upon which a judgment could be entered.

In the case of Neal v. Handley, 116 Ill. 418, the court sustains a rule long since established, holding that a part payment of an indebtedness, where there was a sufficient consideration to support the promise to receive it in full satisfaction of the debt, was good, and cites approvingly an English authority to the effect that a part payment accompanied with the gift of a robe or a hawk, would be a sufficient consideration to support the promise to accept a part payment in full satisfaction of an indebtedness.

GARNETT, J. A judgment having been rendered for appellant and against appellee, a resident of Mercer County, Illinois, before a justice of the peace of Cook County, on October 6, 1885, the appellee, on April 5, 1886, filed in the County Court of Cook County his petition for writ of *certiorari* which was granted, and the cause coming on for trial, appellant submitted a motion to quash the writ. The motion was overruled, and appellant excepted to the ruling. The case was submitted to the court without a jury, and, after hearing the evidence, the trial judge found the issues for appellee and rendered the judgment for costs against appellant. A reversal of the judgment is asked because appellee is said to have been guilty of *laches*, relying upon appellant's promise to dismiss the suit before the justice, and in delaying his application for a writ of *certiorari*. The petition for the writ stated that on October 4, 1885, two days before the judgment was rendered by the justice, appellant and appellee met together and compromised the matter in dispute, appellee agreeing to pay

appellant $27, and, after returning home, to send him a dozen live geese; that on October 5, 1885, he did pay appellant the $27, and appellant then agreed to dismiss the suit; that appellee asked if it would be necessary for him to go, and appellant replied that it was not necessary, that he would dismiss the suit without judgment or costs to appellee; that appellee relied on appellant's promise, and did not afterward inspect or examine the docket of the justice, and did not know that the suit was not dismissed or that a judgment was entered until January, 1886; and that on his return home in the month of October, 1885, he had sent to appellee the dozen live geese, as he had agreed, and that he was not, when the action was commenced, nor when the judgment was rendered, indebted to appellant, and that the judgment is unjust and erroneous.

The petition contains all the allegations required by Sec. 76, Chap. 79, R. S. Appellee had the right to rely upon appellant's promise to dismiss the suit. The promise was upon a valuable consideration, and appellant was bound thereby. His plea now that he was not worthy of belief, and that appellee was foolish to confide in him, does not conform to the judicial idea of good faith. It is an entirely different case where a judgment is known to the defendant to have been rendered, and he is persuaded not to appeal by the promise of the plaintiff's attorney that the judgment will be compromised, as in Stocking v. Knight, 19 Ill. App. 501. An attorney has no authority to make an agreement of that character, and, moreover, it may be doubted whether such an agreement, made when defendant knew of the judgment, could be regarded as taking from the defendant the power to appeal in the ordinary way.

The statute gives six months for issuing a writ of *certiorari*. It is not a question of diligence or *laches* within the time given by the act. The complaining party may file his petition on the last day of the six months, or he may avail himself of the right as soon as he discovers the wrongful judgment, provided only it is within the period named. No reason appears why any different construction should be given the

section in question than has been uniformly given to the act providing that writs of error shall not be brought after the expiration of five years from the rendition of the decree or judgment complained of.

The expression of the court in Gallimore v. Dazey, 12 Ill. 142, accords with the common understanding of the profession on this point, and, until otherwise informed by higher authority, we shall adhere to that interpretation.

The judgment is affirmed.

*Judgment affirmed.*