## Andrew P. Callahan v. Louis Haas, for use of Willard C. Smith.

1. CERTIORARI—*Where it Will Not Lie.*—A defendant who was not indebted to the plaintiff, but being the manager of an incorporated company, which was so indebted, understood when the summons was served upon him, that it was as manager of the company. He learned his mistake when it was too late to appeal in the ordinary way, and undertook to do so by *certiorari,* but the court properly quashed the writ.

Callahan v. Haas.

**Memorandum.**—*Certiorari.* Appeal by the relator from an order of the County Court of Cook County, quashing the writ; the Hon. FRANK SCALES, Judge, presiding. Served in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

C. PORTER JOHNSON and V. A. WRIGHT, attorneys for appellant.

WILLARD C. SMITH, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant before a justice, and the summons was duly served, but the appellant being the manager of the Prussing Vinegar Company, and the company being indebted to Hass, and the appellant not, he understood and believed that the summons was served upon him as the manager, notified the attorney of the company, and only learned his mistake when it was too late to appeal from the judgment of the justice, so he undertook to appeal by *certiorari;* but the court, after granting his petition, quashed the writ of *certiorari,* and from that action this appeal is prosecuted.

The petition, even as the appellant desired to amend it (which the court refused to allow), stated no fact by which he was induced to understand and believe that the suit was against the company, beyond the respective relations of the company, the appellant and the appellee, and that the constable at the time of serving the appellant asked him if he was the officer of the company.

His inattention to the suit is without legal excuse. If he listened to the reading of the summons, he heard that he was summoned, and his conclusion that the company was sued was without warrant. Harding v. Peal, 44 Ill. App. 344; Stocking v. Knight, 19 Ill. App. 501; Damstedter v. Armour, 17 Ill. App. 285.

We need not discuss whether a petition for a *certiorari* may be amended; the proposed amendment would have been unavailing. The judgment is affirmed.