## Charles H. Porter, use of James W. Gordon, v. John J. Glenn.

1. STATUTES—*Providing that No Assignment or Other Disposition by an Heir Shall Operate to Defeat a Garnishment, Construed.*—The act of July 1, 1897 (Laws 1897, 231), providing that no assignment, transfer or other disposition by an heir, legatee or devisee of his distributive share, legacy or devise in the hands of any administrator or executor, shall operate to defeat the garnishment of the same, unless

the said assignment, transfer or other disposition is reduced to writing and filed in the office of the county clerk, out of which such letters testamentary or of administration were issued before the service of process of garnishment upon such administrator or executor, is to be construed as having no retroactive effect.

2. CONSTRUCTION OF STATUTES—*Not to be Given a Retrospective Action Except, etc.*—Statutes are not to be given a retrospective operation except where it is manifest that the legislature intended that they should have such operation; and it is not competent even for the legislature to give such operation to an act where it will affect existing or vested rights.

3. SAME—*To Operate in Futuro.*—A statute is to operate *in futuro* only, and is not to be construed to affect past transactions; and if it is left doubtful what was the real design as to its having a prospective or retrospective effect, the statute must be so construed as to have a prospective effect only.

Appeal from the Circuit Court of Warren County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

BASSETT & BASSETT and KIDDER & KIDDER, attorneys for appellant.

GRIER & STEWART, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On May 7, 1894, appellant, James W. Gordon, obtained a judgment in the Circuit Court of Warren County against Charles H. Porter for $338.50 and costs. Execution was issued upon the judgment on August 11, 1894, and delivered to the sheriff of said county, who afterward duly returned the same "no property found."

On January 15, 1895, John Porter, the father of Charles H. Porter, died leaving surviving him a widow, since deceased, and seven children. He also left personal property to a considerable amount, which had been used in paying the debts of his estate, and real estate valued at some $15,000, subject to a mortgage of $1,000. He died testate, and his will, which was duly probated in the County Court of said county, provided that after the payment of debts and funeral expenses, the remainder of his estate should be held by the

executors, and the rents, issues. and profits used for the support of his widow while she survived, with full power, with her consent and that of a majority of the children then living, to sell any or all of the real. estate and invest one-third of the purchase price for the use and benefit of the widow during her life; that out of the proceeds of such sale, not set apart for the use of the widow, they should pay certain legacies to two of his daughters; that after the death of the widow the remaining real estate should be sold and the proceeds of the whole estate " equally divided " among his heirs at law, " as the law now distributes intestate estates." Thomas H. Rogers and John J. Glenn were named as executors and vested with title to all the property of which the testator might die seized, in trust for the uses and purposes set forth in the will. The executors so named duly qualified as such January 26, 1895, and were so acting at the time service of process and garnishment was had upon them in this case. February 5, 1895, Charles H. Porter, for the consideration of $600, conveyed by deed to his sister, Ella Porter Hanna, now Ella Porter Gillispie, all his right, title and interest in and to all of his father's estate, with full power to her to receive, collect and receipt for the same, but the conveyance was not filed for record until July 26, 1897. On March 21, 1898, appellant caused a summons in garnishment to be issued on his judgment and served on said executors. The latter filed their answers to the interrogatories, setting up the will under which they were acting, and showing that the personal assets had been collected and the proceeds all paid out; that all the real estate still remained undisposed of; that the estate was unsettled and no order of final distribution had been made. Afterward Ella Porter Gillispie filed her interpleader, claiming the property sought to be garnisheed as her own, by virtue of the deed to her from Charles H. Porter. The case was tried upon a written stipulation, which stated the facts substantially as above set forth. Upon the trial the court held in favor of the interpleader, discharged the garnishees and rendered judgment against appellant for costs.

The first question which arises is, was there such fraud

Porter v. Glenn.

shown by the stipulation of facts as to warrant setting aside the deed from Charles H. Porter to the interpleader? It is insisted by appellant that Charles H. Porter was insolvent, and that the price paid him by the interpleader for his interest in the estate was so inadequate as to import fraud. The only proof tending to show the insolvency of Charles H. Porter is the fact that the judgment of appellant was unpaid and that execution for the same had, prior to the time the deed was made, been returned by the sheriff "no property found." At the time the conveyance was made there was a widow, entitled to her share of the personal property and dower, and presumably homestead in the real estate. There were debts to a large amount, the extent of which could not have then been known, and certain legacies to be paid, after which the property was to be divided among seven children. In the absence of direct evidence of fraud, we do not think there was, under the circumstances of the case, a sufficient inadequacy of consideration shown to import fraud. The deed was therefore a valid one and conveyed all the interest of Charles H. Porter in his father's estate to the interpleader.

It is, however, contended by appellant that the interpleader is not in a position to claim the property in question, as against appellant, for the reason that she had not filed her deed of conveyance in the office of the clerk of the County Court, as required by the law of 1897 in relation to garnishment of administrators and executors. That law, which went into effect July 1, 1897, provided that "no assignment, transfer or other disposition by an heir, legatee or devisee, of his distributive share, legacy or devise in the hands of any administrator or executor, shall operate to defeat the garnishment of the same, unless the said assignment, transfer or other disposition is reduced to writing and filed in the office of the clerk of the County Court, out of which such letters testamentary or of administration were issued before the service of process of garnishment upon such administrator or executor." Laws of 1897, p. 231.

In order to sustain this position it would be necessary to

hold that the law in question had a retroactive effect and controlled a conveyance made more than two years prior to the time the law went into effect.

In the case of Dobbins v. First National Bank, 112 Ill. 553, it is said :

" It is well settled by authority that statutes are not to be given a retrospective operation except where it is manifest that the legislature intended that they should have such operation; and, as already shown, it is not competent even for the legislature to give such operation to an act where it will affect existing or vested rights."

In Means v. Harrison, 114 Ill. 248, it was declared to be the general rule " that a statute is to operate *in futuro* only, and is not to be construed to affect past transactions, and that if it is left doubtful what was the real design as to its having a prospective or retroactive effect, the statute must be so construed as to have a prospective effect only."

This doctrine is recognized and indorsed in the case of Rock Island National Bank v. Thompson, 173 Ill. 593, where it is said :

" Retrospective laws are not looked upon with favor. Statutes are usually construed as operating on cases which come into existence after the statutes are passed, unless a retrospective effect is clearly intended."

There is nothing in the statute in question to indicate an intention on the part of the legislature to give it a retrospective effect. On the contrary, it is stated at the beginning of the act " that hereafter it · shall be lawful," etc., plainly indicating an intention to give it a prospective effect only. Taking into consideration the language of the law, and the further fact that the rights of the interpleader were vested long prior to the time the law went into effect, we are of opinion that the rights of the interpleader are not affected by her failure to file her deed in the office of the county clerk. It follows that the judgment of the court below was right, and it is accordingly affirmed. Judgment affirmed.