M. WILLIAM REEVES AND J. LEWIS LANE, TRADING, &c.,
v. SAMUEL JONES.

Argued November Term, 1906—Decided April 5, 1907.

1. Where, at a trial before the Small Cause Court, the justice dismissed the action as to one of two defendants because there was no return of service upon the defendant by the constable, the plaintiffs will not be heard on *certiorari* to question the validity of such ruling on the ground that defendant had appeared by asking an adjournment, it appearing that no objection was made to the ruling at the time by the plaintiffs or their counsel, who was present.

2. No question of laches is involved upon the issuance of a writ of *certiorari* at any time during the period prescribed by the statute.

---

On *certiorari.*

Before Justice HENDRICKSON.

For the prosecutors, *Berry & Wriggins.*

For the defendant, *Townsend Godfrey.*

The opinion of the court was delivered by

HENDRICKSON, J.  This is a *certiorari* which has been brought to a hearing before a single justice of the Supreme Court, pursuant to section 5 of the *Certiorari* act, approved April 8th, 1903.  *Pamph. L.* 1903, *p.* 344; *Mott's Practice Act* 135.

The writ in this case is directed to a Small Cause Court to bring up the judgment, order or proceedings in the suit for review.  The record returned shows that the prosecutors, on April 18th, 1905, brought suit against Samuel Jones and Mary C. Jones jointly, in an action on contract to recover a sum claimed to be due for professional services rendered as physicians.  The particular error complained of and sought to be reviewed is the action of the justice below at the trial in dismissing the suit as to Samuel Jones on the ground that the return upon the summons showed no service on the latter. The transcript shows no actual judgment entered against the prosecutors after such order of dismissal, for costs or otherwise.  The question has not been raised by the defendant as to whether *certiorari* will lie to bring up such an order, and whether it will or not is not considered or determined in this proceeding.

It is contended for the defendant, however, that the writ in this case should be dismissed as having been improvidently granted on the ground of laches, it appearing that the prosecutors waited nearly eighteen months after the action complained of before bringing their writ.  But it appears they did bring their writ before the expiration of eighteen months, which is the time limited by section 3 of the *Certiorari* act. This being so, the ground of laches must fail.  It has been held that no question of laches is involved upon the issuance of a writ of *certiorari* at any time during the period prescribed by the statute.  *Graff* v. *Smolensky,* 35 *Ill. App.* 264; 4 *Encycl. Pl. & Pr.* 137*b.*

The prosecutors urge as ground of reversal of the order of dismissal that in point of fact, although the return upon the summons was defective in the respect named, the defendant Samuel Jones appeared, with Mary C. Jones, the other defendant, on the return day and asked and obtained an adjournment of the cause for two weeks, and upon the adjourned day appeared again and asked and obtained a further adjournment, thereby submitting himself to the jurisdiction of the court and curing the defect complained of. Citing *Honey. Sm. Ca. Co.* (1904 *ed.*) 514, with cases cited.

But it is contended for the defendant that the action of the court below should not now be reversed on the ground alleged, because the same was not brought to the attention of the justice at the trial, and no objection was raised by the plaintiffs or their attorney, who was present, to the motion to dismiss. An inspection of the transcript of the justice shows these allegations to be true. This disclosure is fatal to a reversal on the ground named. The principle is well settled that questions not raised below, or alleged erroneous action as to which no objection was made, cannot be presented to or considered by the reviewing court. 6 *Cyc.* 821.

The same principle finds support in the decisions of our courts. In *Cole & Taylor* v. *Cliver,* 15 *Vroom* 212, it was held by the Court of Errors and Appeals that objections to the sufficiency of the proof of a plea of privilege must be made at the trial or they will be regarded as having been waived. This principle is further illustrated in *Shaugnuole* v. *Ohl,* 29 *Id.* 557; *Jaques* v. *Hulit,* 1 *Harr.* 38; *Steward* v. *Sears,* 7 *Vroom* 173.

My conclusion is, therefore, that the order of dismissal cannot be reversed on the ground stated, and since no other ground of reversal is shown in the reasons or in the brief of counsel of the prosecutors, the order and proceedings below must be affirmed, with costs.