of the qualifications of its students to be granted the degree of doctor of medicine.

3.  COLLEGES AND UNIVERSITIES, § 9*—*when courts will not pass upon attainments of students.* Courts are not supposed to be learned in medical science and are not qualified to pass an opinion as to the attainments of a student in medical science.

4.  COLLEGES AND UNIVERSITIES, § 9*—*what is not evidence that student is entitled to genuine diploma.* The presenting to a medical student at the time of graduation of a blank diploma not filled out with his name or a degree or title, *held* not to be evidence that such student was entitled to a genuine diploma.

---

Isidor Cohn and Herman Cohn, trading as Cohn Brothers Cigar Company, Appellees, v. S. Bernstein and A. Swidler, Appellants.

Gen. No. 22,762.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied April 30, 1917.

### Statement of the Case.

Action by Isidor Cohn and Herman Cohn, trading as Cohn Brothers Cigar Company, plaintiffs, against S. Bernstein and A. Swidler, defendants, upon a written guaranty to the extent of five hundred dollars of credit of Charles Piantry. From a judgment for plaintiffs for five hundred dollars, defendants appeal.

SMITH, FAKE, LEVINSON & HOFFMAN, for appellants; EUGENE R. COHN, of counsel.

BLUM, WOLFSOHN & BLUM, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. GUARANTY—*when evidence sufficient to show execution of contract as sureties.* Evidence *held* sufficient to warrant the finding that defendants executed the contract of guaranty sued on as sureties.

2. APPEAL AND ERROR, § 269*—*what are final appealable orders.* Where after entry of judgment against defendants they filed motion to set aside the judgment and grant a new trial, which was denied, *held* that defendants had the right to two appeals, one from the original judgment and one from the denial of the motion, as the orders for both entry of judgment and denial of the motion were final appealable orders.

3. APPEAL AND ERROR, § 19*—*when review on appeal confined to original judgment.* Where, after a motion for new trial and in arrest of judgment against defendants was denied and judgment was entered against them, and thereafter a motion to set aside the judgment and grant a new trial was also denied and thereupon defendants prayed and were allowed an appeal and filed an appeal bond, which recited that the appeal was prosecuted from the original judgment entered, *held* that review on such appeal would be confined to the original judgment and would not embrace the final order denying the motion to set aside the judgment and grant a new trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.