**Francis Goetz, Appellee, v. Richard J. McCormick, on appeal of John A. McCormick, Individually and as Executor, Appellant.**

**Gen. No. 24,036.**

1. APPEAL AND ERROR, § 269*—*what is test in determining whether judgment is final.* In determining whether or not a judgment is a "final" judgment from which appeal will lie to the Appellate Court, the test is not in the words employed in the judgment, but in its substance and intention.

2. APPEAL AND ERROR, § 269*—*when judgment is final.* If the substance of the litigation and merits of the controversy have been finally adjudicated, the judgment therein is final so that appeal will lie therefrom.

3. APPEAL AND ERROR—*what is a final order in garnishment proceedings.* An order of a trial court which finds that the plaintiff is entitled to recover a certain amount and costs from one garnisheed as executor, but that no execution shall issue and the judgment shall not "be or be made final until after the entry of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXIII 3

an order of distribution or for payment of said legacy" to the defendant by the Probate Court, and that upon the entry of an order by such court for the payment of the legacy to defendant, the judgment shall, by a supplemental order in the cause, be made final and thereupon execution shall issue against defendant, is a final order from which appeal will lie to the Appellate Court.

4. GARNISHMENT, § 24*—*when binding and valid assignment of legacy to garnishee shown.* On garnishment against one individually and as executor, wherein the garnishee claimed that he was a bona fide assignee of defendant's legacy, uncontradicted evidence that the garnishee had advanced money to defendant to the amount claimed by him and promissory notes by defendant and memoranda by garnishee to a like effect and a signed and sealed assignment of the legacy by defendant to the garnishee, all of which were placed in evidence, *held* to show a binding and valid assignment of the legacy to the garnishee.

5. GARNISHMENT. § 1*—*non-retroactive effect of Act of 1915.* The Garnishment Act, effective July 1, 1915 (Callaghan's 1916 St. Supp. ¶ 5936), has not a retroactive effect.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed December 31, 1918.

THOMAS F. BURKE and ROY C. MERRICK, for appellant.

VINCENT D. WYMAN, HARRY C. KINNE and CHARLES E. CARPENTER, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This appeal is from a judgment which it is claimed by the appellee is interlocutory and not final.

The plaintiff, Francis Goetz, brought suit in the Municipal Court in attachment against Richard J. McCormick and garnisheed John A. McCormick, individually, and as executor of the will of Margaret McCormick, deceased. The plaintiff in his statment of claim alleged that he had advanced moneys to one

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Helen McCormick, the wife of Richard J. McCormick, for the support of herself and her minor child, amounting in the aggregate to $1,104.33. Richard J. McCormick was served by publication only, and his default subsequently entered. John A. McCormick, individually, and as executor of the will of Margaret McCormick, deceased, was served as garnishee and filed an answer denying that he had, in either capacity, any property or effects belonging to Richard J. McCormick, and setting up also that Richard J. McCormick had assigned to him, in his individual capacity, all his interests in the estate of the said Margaret McCormick. At the trial the plaintiff put in evidence as to various items of his claim and introduced the will of Margaret McCormick, who was the mother of Richard J. McCormick and John A. McCormick. According to the will the testatrix bequeathed $1,000 to Richard J. McCormick, which was one of a number of legacies aggregating in all $29,000, which were made to her nine children. The will further provided that, in case the property of her estate should be sold for more than $29,000, Richard J. McCormick should receive a one twenty-eighth part of all the proceeds in excess of $29,000. The evidence showed that the executor had sold property belonging to the estate to a total amount of $49,705.16, and that there remained unsold sixteen lots, the market value of which lots, according to the various judgments of the witnesses, was from $85,000 to $319,000.

John A. McCormick, garnishee (appellant), offered in evidence a written assignment from Richard J. McCormick to himself, individually, which assignment was dated August 12, 1913, and recited the assignment and transfer to him of all the interest of Richard J. McCormick in his legacy, under the will of Margaret McCormick. The garnishee put in evidence undertaking to prove that the consideration for the assignment was the loan or advance of various sums of

money, aggregating over $2,000 by him to Richard J. McCormick, and no evidence to the contrary was introduced. The original written assignment was filed neither with the clerk of the Probate Court nor the county clerk.

The finding of the trial court was: (1) That the plaintiff, Francis Goetz, was entitled to a judgment against the defendant in the sum of $901.75 and costs of suit; (2) that the garnishee, John A. McCormick, is the executor of the last will and testament of Margaret McCormick, deceased; (3) that the defendant, Richard J. McCormick, was one of the legatees thereunder; (4) that the garnishee, John A. McCormick, possessed and holds as such executor moneys and properties belonging to the estate of said Margaret McCormick, deceased; (5) that the defendant, Richard J. McCormick, has an interest therein and is entitled to a one twenty-ninth part thereof; (6) that his share therein would exceed the sum of $1,800; (7) that that amount is not yet due and will become due and payable to Richard J. McCormick, defendant, as one of the beneficiaries under the last will and testament of Margaret McCormick, deceased, on the entry of an order of distribution in the estate of Margaret McCormick, deceased, pending and undisposed of in the Probate Court of Cook county.

The order of the trial court was: (1) That the defendant, Richard J. McCormick, recover from the said garnishee, John A. McCormick, executor, the sum of $1,800, together with the costs; (2) that the recovery be for the use of the said Francis Goetz as to the sum of $902.22, being the amount of the original judgment with costs—said judgment and costs being first satisfied out of any moneys to be paid or collected under the judgment—"the residue to be paid and collected" for the use of the defendant, Richard J. McCormick; (3) that no execution shall issue herein against said garnishee "nor shall this judgment be

or be made final until after the entry of an order of distribution or for payment of said legacy to said Richard J. McCormick by the Probate Court of said Cook County, and that upon the entry of an order by said Probate Court for payment of said legacy to said Richard J. McCormick this judgment shall, by supplemental order herein, be made final, and thereupon execution shall issue against said defendant, John A. McCormick.''

As this court exercises Appellate jurisdiction (with certain statutory exceptions) only in matters of appeal or writs of error from final judgments, the question arises whether the judgment in this case, from which the appeal is taken, is such a final judgment as gives this court jurisdiction, or whether it is merely interlocutory. The Garnishment Act as amended and in force July 1, 1915 (Callaghan's 1916 St. Supp. ¶ 5936), provides that administrators and executors as garnishees may be garnisheed ''with respect to any moneys * * * or other estates belonging to any devisee or legatee under any will * * * but no final judgment shall be rendered against such administrator or executor until after an order of distribution has been made by the County Court out of which his letters testamentary or of administration issued.''

The order of the trial court finds that Richard J. McCormick is entitled to recover $1,800 and costs from John A. McCormick, garnishee, but that no execution shall issue against said garnishee ''nor shall this judgment be or be made final until after the entry of an order of distribution or for payment of said legacy to said Richard J. McCormick by the Probate Court of said Cook County, and that upon the entry of an order by said Probate Court for payment of said legacy to said Richard J. McCormick, this judgment shall, by supplemental order herein, be made final, and thereupon execution shall issue against said defendant, John A. McCormick.''

Although the decisions, and they are many, concerning what constitute a final judgment are not harmonious (Black on Judgments, sec. 20), as the act which gives this court jurisdiction uses the expression "final judgments," and the Garnishment Act provides "but no final judgment shall be rendered * * * until after an order of distribution," etc., and, as the judgment order of the trial court provides, "that no execution shall issue herein against said garnishee nor shall this judgment be, or be made final, until after the entry of an order of distribution," etc., it is difficult at first blush to refrain from the conclusion that the judgment here appealed from is interlocutory and not final. But an analysis of the decisions in this State which deal with the subject of appealable judgments strongly, in fact, irresistibly, leads to the conclusion that the adjective "final" is not exclusively determinative; that the test is not one of mere words but rather of substance and intention. If the substance of the litigation and merits of the controversy have been finally adjudicated the judgment is final. *Rosenthal v. Board of Education of City of Chicago,* 239 Ill. 29; *Barber v. Tolman,* 176 Ill. App. 123; *De Grasse v. H. W. Gossard Co.,* 236 Ill. 73; *Klein v. Independent Brewing Ass'n,* 231 Ill. 594. The judgment of the trial court involves the following findings: (1) That the defendant owes the plaintiff $901.75; (2) that the garnishee is the executor of the last will and testament of Margaret McCormick, deceased; (3) that the defendant is one of the legatees; (4) that the garnishee, as executor, has in his possession property of the estate, in which the defendant has a one twenty-ninth interest, which latter will exceed $1,800; (5) that the alleged assignment of the defendant's legacy to the garnishee individually is void; (6) that there will be due to the defendant from the garnishee as executor upon the entry of an order of distribution in the Probate Court more than the sum of $1,800;

(7) that the amount to be recovered by the garnishee as executor, over and above $902.22 by the garnishee, as part of the legacy, shall be collected for the use of the defendant. It also provides that execution shall issue only after an order of distribution in the Probate Court and a supplemental order in the trial court. It will be seen, therefore, that the merits and all of the substantial controversies and issues have been decided and finally consummated in the particular judgment that was entered.

All that remained to be done was to present—after the order of distribution in the Probate Court—the evidence as to the amount the garnishee, as executor, held for the defendant as legatee, and upon that have the proper order entered. Obviously, such supplemental proceedings would not affect in any way the matters already predetermined and finally adjudicated. Further, as some reason for considering the judgment final and appealable, it might easily be a serious hardship to hold that the garnishee must lie by and wait, possibly for years, for the order of distribution in the Probate Court, before he can have the judgment against him reviewed. He alleged and undertook to prove that he owned outright, by assignment, the legacy of the defendant. The trial court held against him. Must he wait upon the uncertainties of Probate administration, the future sale of real estate, hazarding, also, the death of witnesses and loss of evidence? As said before, the question is new, and its answer is fraught with some difficulty, especially as the line of cleavage between final and interlocutory orders is not yet scientifically prescribed—in some States it is fixed by statute—yet, after careful consideration, we are of the opinion that the order of October 15, 1917, was final and appealable. *Rice v. Dougherty*, 148 Ill. App. 368.

It is contended by the garnishee that the trial court erred in failing to hold that he, individually, was a

bona fide assignee of the legacy of the defendant, Richard J. McCormick. The garnishee offered in evidence a written assignment, signed and sealed by Richard J. McCormick. It was dated August 12, 1913, and purported to "assign, sell, transfer, convey and set over unto said John A. McCormick," the said legacy —describing it—for one dollar and other valuable considerations. The only evidence as to the consideration for the assignment is the testimony and memoranda of the garnishee. His evidence shows that between 1900 and March 1, 1915, he advanced to the defendant, for the latter's use, upwards of $2,000. Various promissory notes signed by the defendant and memoranda made by the garnishee were offered in evidence to that effect, and there is no evidence to the contrary. Such being the state of the record, we are bound to hold that the assignment was valid and binding. The plaintiff in his brief has not argued the merits of the controversy, but has confined his brief to the single consideration of the finality of the judgment. Why the trial court did not find the assignment valid and binding, the record does not disclose. Inasmuch as the evidence shows that the assignment was valid and binding, and was executed and delivered before the garnishment statute became effective on July 1, 1915—and which could have no retroactive effect (*Porter v. Glenn,* 87 Ill. App. 106)— the judgment must be reversed and the cause remanded.

*Reversed and remanded.*