## Altamont Manufacturing Company, Appellee, v. Western Union Telegraph Company, Appellant.

1. CERTIORARI—*practice on trial of writ to justice of the peace.* In the case of a common-law writ of certiorari to justices of the peace, the trial is by an inspection of the record without any hearing as to the merits of the case, while on a statutory writ there is a trial *de novo.*

2. CERTIORARI—*when writ quashed for failure to file bond.* Where a petition for certiorari to a police magistrate shows that the whole intent and purpose was to secure a trial *de novo,* it must be regarded as a petition for a 'statutory writ, and where the mandatory requirement of the statute for a bond had not been complied with and no motion for leave to file a bond was made, the court properly quashed the writ.

3. CERTIORARI—*when statements in petition for writ insufficient.* Statements in a petition for certiorari to a police magistrate that, on account of sickness in the family of appellant's attorney, he could not appear before the magistrate and that judgment was practically by default, were insufficient where there was no showing that appellant made any effort to be represented at the trial or that it was not in the power of petitioner to take an appeal.

4. CERTIORARI—*effect of repeal of statute authorizing.* A petition for a writ of certiorari to a police magistrate which shows that it is a statutory writ which is sought, cannot be sustained if the statute authorizing such writs has been repealed.

Appeal from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

D. E. KEEFE, for appellant; FRANCIS R. STARK, S. W. BAXTER and LESTER WRIGHT, of counsel.

WALTER C. KLITZING, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellee instituted suit before a police magistrate to recover from appellant damages for the delivery to appellee of a telegram purporting to have been sent by the Lafayette Produce Company of Lafayette, Indiana, ordering a carload of merchandise. On arrival of the merchandise at Lafayette, the Produce Company refused to receive it, claiming they had not sent the telegram. The goods were returned to appellee and this suit was brought November 29, 1919, to recover the freight charges and other expenses. After several continuances the case was called for trial January 16, 1920, and appellant not appearing, judgment was entered for appellee in the sum of $198.85 and costs of suit.

On April 15, 1920, the master in chancery of Effingham county ordered that a writ of certiorari issue commanding the police magistrate to certify his record in the case to the circuit court of that county. The petition for the writ was signed and sworn to by appellant's attorney and stated, in substance, what appellee's demand was for and that judgment had been rendered against appellant on January 16, 1920; that appellee had before sued appellant for the same claim, that appellant had moved to dismiss the suit because at the time of the act complained of appellant's lines were being operated by the government, that the magistrate denied the motion, but appellee voluntarily dismissed its suit and after the lapse of several weeks started the present case; that appellant requested the magistrate to refile its said motion but he refused to do so; that on account of the sickness of his wife, attorney of appellant, on January 16, 1920, and prior thereto, was unable to give any considerable time or attention to his business; that after the judgment he wrote the magistrate asking the amount of the appeal bond; that immediately upon

receiving a reply that it was $400 he secured the execution of a bond in that sum and forwarded it to the magistrate; that on February 5, 1920, the magistrate advised the attorney the bond had been approved and that the accrued costs were $7; that he sent that amount to the magistrate and requested him to send his transcript together with the bond to the clerk of the circuit court; that thereafter attorney for appellee wrote him that no appeal had been taken, and an execution would soon issue; that he wrote the magistrate asking if the transcript had been sent to the clerk and was informed that it had not been because petitioner had not sent $5 for filing fee; that this letter was received April 8, 1920, and was the first information he had that the transcript had not been filed; that he immediately sent the magistrate his firm's check for $5, which on April 13, 1920, the magistrate returned to him at the same time informing him that the transcript had not been filed and that he had issued an execution on the judgment; that petitioner had a good and meritorious defense to the suit but did not present such defense before the magistrate because, by reason of sickness in his family, he could not appear before the magistrate on the day of trial; that by reason of the actions of the magistrate as set forth it was impossible to perfect an appeal in the ordinary manner, although he attempted to and did perfect an appeal as therein stated; that appellant is not indebted to appellee; that the judgment is wholly unjust and erroneous and the action of the magistrate is wholly unwarranted in law. The petition prayed that a writ of certiorari to remove said cause from the magistrate into the circuit court might issue. On motion of appellee the court quashed the writ and the telegraph company perfected this appeal.

Appellee insists the action of the trial court in quashing the writ was proper for the reason, among others, that appellant did not execute a bond before

the writ issued as required by the Justice and Constable Act of 1872. Appellant contends that since the act of 1872 was revised in 1895, and the sections relating to the issuance of the writ of certiorari to justices of the peace were omitted, that the act of 1895 by implication repeals those sections and that therefore there is no statutory requirements that a bond be executed before such writ can issue. The Appellate Court of the First District in the case of *Gibson v. Ackermann*, 70 Ill. App. 399, held that the act of 1895 did not have the effect of repealing those sections of the act of 1872, giving circuit courts the power to grant writs of certiorari to remove causes from justices of the peace to such court. This is the only decision called to our attention or which we have discovered passing directly on this question. In our opinion, however, this case does not depend upon whether those sections of the statute have been repealed. If those sections of the statute are not in force, then appellant's only right to a writ of certiorari would be to a common-law writ of certiorari. In the case of a common-law writ of certiorari, no trial can be had upon any issue of fact. The trial is by an inspection of the record, without any hearing as to the merits of the case, while on a statutory writ of certiorari there is a trial *de novo* (*Sonora Highway Com'rs v. Carthage Sup'rs*, 27 Ill. 140). An examination of the petition in this case shows that the whole intent and purpose of the petition was to secure a hearing on the merits or a trial *de novo*. Indeed appellant states in its argument: "It must be kept in mind that the certiorari in the main was for the purpose of getting the transcript and papers from the magistrate to the circuit court in order that the case might be tried according to its merits." As we have pointed out, the only writ of certiorari which could accomplish this purpose is the statutory one. If then, as contended by appellant, the statute authorizing

the writ has been repealed, there is no authority for the writ and it was properly quashed. The petition shows that appellant tried in every respect to comply with the requirements of those sections of the statute which it now claims have been repealed. We have also its own statement that the result sought by the writ was the result contemplated by those sections of the statute. We are convinced, therefore, that the petition must be considered as a petition for the statutory writ of certiorari. That statute provided among other things that: "Before any writ of certiorari shall issue the party applying therefor shall give bond," etc. The writ itself in this case recites "and our said master in chancery has indorsed upon said petition an order directing the issuance thereof, on execution of bond, as by the statute in such case made and provided, which bond has been duly approved and filed." No bond had as a matter of fact been executed. We deem that requirement of the statute mandatory. (Corpus Juris, 185, par. 306.) Therefore, in the absence of such bond and any motion for leave to file a bond, the trial court properly quashed the writ. Nor do we think appellant's appeal bond filed with the magistrate sufficient to meet this statutory requirement.

The act of 1872 required the petition for the writ to show among other things that the judgment before the magistrate was not the result of negligence in the party praying for the writ and that it was not in his power to take an appeal in the ordinary way. We do not consider the petition in this case sufficient in either of these respects. The petition states that on account of sickness in the family of appellant's attorney he could not appear before the magistrate and that such judgment was practically rendered by default. There is no showing that appellant made any effort to be represented at the trial. Neither does the petition show that it was not in the power of petitioner

to take an appeal in the ordinary way.

It appearing both from the petition and writ and also from the argument of appellant that this is a proceeding for a statutory writ of certiorari, it is not necessary for us to pass upon the regularity of the proceedings as a common-law writ of certiorari. Being a statutory writ it cannot be sustained if, as contended by appellant, the statute authorizing it has been repealed. If the statute has not been repealed, it cannot be sustained on account of the failure to meet certain requirements of the statute herein pointed out. The judgment order quashing the writ of certiorari will be affirmed.

*Affirmed.*