Nellie Gould, Appellant, v. Chris Klabunde et al., Appellees.

Gen. No. 10,036.

Heard in this court at the May term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

ARTHUR G. WAITE and CHARLES H. FRANCIS, both of Woodstock, for appellant.

C. RUSSELL ALLEN, of Woodstock, for appellees.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Nellie Gould, plaintiff appellant, on August 13, 1943, secured a judgment in a justice court against Chris Klabunde, defendant appellee. Chris Klabunde sought to have that judgment reviewed by the county court of McHenry county, by certiorari, and to that end gave bond as prescribed by statute, which bond was also signed and executed by Paul Hines and John N. Schildt, appellees. On April 10, 1944, the writ of certiorari issued by the county court was quashed on the ground, as stated, that the petition was insufficient to warrant issuance of the writ. No further proceeding was had on such action of the court.

This appeal is in regard to a later independent suit, brought by plaintiff against appellees, on said bond. The complaint, filed on September 22, 1944, recites at length the securing of the judgment, attempt to secure review by certiorari and final determination of said certiorari proceedings. It alleges failure to prosecute such appeal by certiorari, with effect, and alleges that

the defendants have failed to pay the amount of said judgment. Copy of the bond was attached to the complaint, as an exhibit.

The bond is in proper form. It recites its penal sum and date, the securing of the judgment and that "from which said judgment the said Chris Klabunde has filed a petition for writ of certiorari in the County Court . . . Now if the said Chris Klabunde shall prosecute his appeal with effect, and pay whatever judgment may be rendered against him by said court upon the trial of said appeal, or by consent, or in case the appeal is dismissed . . . will pay the judgment rendered against him by the Justice of the Peace, John E. White, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

The Ill. Rev. Stat., ch. 79, sec. 78 [Jones Ill. Stats. Ann. 71.174], provides for bond upon filing of a petition for certiorari. It provides that the bond shall have the same conditions, and if defective, may be perfected, as bonds in cases of appeal from justices of the peace. The form of appeal bonds in case of appeals is given in the statute. Since review by certiorari is provided where there is no remedy by appeal, the intention of the bond in this case as was expressly stated in the bond itself, was a bond filed as required for certiorari. It expressly referred to prosecuting an appeal with effect and payment of the judgment rendered against the petitioner. It referred to a trial by the court, between the parties. It did not provide simply for a review of the record of the justice of the peace. We find no merit in the contention that this bond was not a statutory bond given to secure the issuance of a statutory writ of certiorari and a review of the case on its merits. It does not appear without question that there was a final appealable order entered in this case which would afford a proper basis for this appeal.

On January 15, 1945, on motion of defendants to strike the complaint, the court ordered that the motion to strike be granted, and held that since the original petition for certiorari had been found insufficient, and the writ quashed, that the court had no further jurisdiction in the matter. On January 19, 1945, plaintiff filed her motion to vacate the order of January 15, 1945, and for judgment, because defendants were in default in failing to answer the complaint. The court ordered that the motion to vacate ''be and the same hereby is denied.'' It further ordered that plaintiff's motion for judgment for default was also denied.

■■ No particular form is required in the proceeding of a court to render its order a judgment. The test as to whether an order is final and appealable is not one of mere words but of substance and intention. *Goetz v. McCormick*, 213 Ill. App. 33, 38. A final judgment is one that finally disposes of the rights of the parties. *Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 575. The test is whether it terminates the litigation on the merits and determines the rights of the parties. *Groves v. Farmers State Bank of Woodlawn*, 368 Ill. 35, 45. If an order of court dismisses the proceedings or finally disposes of the cause, it is a final order. *Williams v. Huey*, 263 Ill. 275.

The court in this case determined that it lacked jurisdiction and ended the proceeding for lack of jurisdiction. Such order was the final determination of the cause. It was a substantial determination that plaintiff had no cause of action on the bond. It seems quite apparent that it was the intention of the court in this case to terminate the suit on the bond because it thought it lacked jurisdiction and intended that its order to that effect was an order of final disposition of the cause.

■ The appellant had the right to appeal from the final order of the court denying the motion to vacate

the striking of plaintiff's complaint and entering judgment against defendant for want of answer. *Rago v. Veneziano,* 155 Ill. App. 557, 560; *Cohn v. Bernstein,* 205 Ill. App. 325, 326; *Billboard Pub. Co. v. McCarahan,* 180 Ill. App. 539. At any rate, this court has elected to consider this appeal on the issues raised therein rather than dismiss the appeal because it does not properly lie. This conceivably may obviate the necessity of another appeal.

In view of the determination we have reached in this case, we do not deem it necessary to consider errors advanced that the court erred in refusing to grant a change of venue and in giving defendant leave to demand a jury.

The conditions of the bond in question specifically recite that a review proceeding by petition for writ of certiorari had been filed before the bond was executed. It is quite plain that the bond was accordingly given as guarantee that the proceedings would be prosecuted with effect. After such statement and immediately following, the conditions make a recital in regard to prosecuting "his appeal" with effect, to pay any judgment in the trial of "said appeal," that if "the appeal" is dismissed to pay the judgment rendered by the justice and costs occasioned "by said appeal."

It has been held that certiorari is one of the methods of appeal provided by statute. *Hatterman v. Thompson,* 83 Ill. App. 217, 221. In *People v. McGoorty,* 270 Ill. 610, the Supreme Court distinguished between common law and statutory certiorari. It said at page 620, "The common law writ only removes the record of the inferior court, and upon that record, alone, can the questions be raised. . . . while our statutory writ removes the entire case into the circuit court and opens for re-examination all questions, both of law and fact. Indeed, it is but another mode of taking an appeal from the judgment of a justice of the peace

to the circuit court, and it can only be directed to justices of the peace.''

■■ In statutory certiorari the trial is *de novo* in the county court as in cases of appeal. If a transcript of the proceedings is filed, it is not required that a writ of certiorari ever be issued. It is the filing of a petition with an order allowing certiorari indorsed thereon and an appeal bond approved by the court, which gives the court jurisdiction. The filing of a bond in statutory certiorari to review judgments of justices of the peace is in principle like the filing of a bond for appeal. *Gallimore v. Dazey,* 12 Ill. 143, 144.

■ When a petition of certiorari shows that the intent is the securing a trial *de novo* it must be regarded as a petition for a statutory writ. An order quashing the writ is a final order, from which an appeal will lie. *Altamont Mfg. Co. v. Western Union Tel. Co.,* 222 Ill. App. 422, 427; *Callahan v. Haas, for use of Smith,* 55 Ill. App. 448. The order quashing the writ is final although the order fails to dismiss the petition for certiorari. *Funkhouser v. Coffin,* 301 Ill. 257.

This bond at length recited the judgment and the fact that petition for certiorari had been filed, to review it. The purpose was to escape liability on the judgment. An appeal is a review by a superior tribunal. The method of review may be called certiorari or appeal. This bond uses both terms. The signers of this bond could not have meant that they were giving a bond required of them by suit on a certiorari review and in the same bond use the word ''appeal'' as referring to another distinct proceeding called ''appeal.'' The use of the words ''said appeal'' can only reasonably refer to said review, *viz,* by certiorari. The first part of the condition designates a review by certiorari, and the later use of the word appeal, was referring to the method of review as recited in the conditions of this bond.

■ Appellees argue earnestly that since the writ of certiorari was quashed, all writings obligatory and pleadings attendant to that writ fell by the wayside and are of no effect. However, the contrary result obviously obtains. The fact that the petition and writ fell by the wayside established the fact that the bond was breached by a failure to prosecute a review with effect. He also makes the contention that since he did not land himself safely in the county court by an "appeal" that he escapes liability on his bond. In other words, it was within his own power to use any device that seemed irregular, other than "appeal," which would result in the county court quashing his attempt, and thus he would not be required to pay under his bond. It seems strange, to say the least, that one can so easily escape his bonded engagements. The significant and determining fact remains that Klabunde did not prosecute with effect a review of the justice of the peace proceedings where judgment was entered against him. His bond obligated him to do just that. His efforts to accomplish a review resulted unfavorably. From such adverse results, he took no appeal. His bond consequently became breached and his necessity of paying according to its terms arose.

■ Obligor and sureties on the bond are estopped, in a suit on the bond, to set up a defense which would contradict the recitals or implications of the bond. *McCarthy v. Alphons Custodis Chimney Const. Co.,* 219 Ill. 616, 622–623; *Cermak v. Schaaf,* 308 Ill. 61, 66; *Moses v. Royal Indemnity Co.,* 276 Ill. 177, 180. They cannot be heard to say it is a nullity. They obtained all the benefits of the bond by checking collection of the judgment in the justice court. If the proceeding for certiorari was properly quashed because of insufficiency of the petition, the obligation on the bond remains. *Moses v. Royal Indemnity Co., supra.*

We conclude that the county court erred in holding that it had no jurisdiction; in rendering its judgment

dismissing the complaint and cause; in refusing to vacate its dismissal order and in refusing to reinstate the complaint and cause for further proceeding and hearing. The judgment of the county court should be and is reversed, with directions to vacate the order dismissing the complaint and cause and to reinstate the complaint and cause for further proceeding and hearing in said court.

*Reversed and remanded with directions.*

Dove, P. J., dissenting: The record in this case does not disclose a final appealable judgment and for that reason the proper order to be entered herein is one dismissing the appeal.

The majority opinion states that "appellant had the right to appeal from the final order of the court denying the motion to vacate the striking of plaintiff's complaint and entering judgment against defendant for want of answer." This is not a correct statement of what the record discloses occurred. The plaintiff's motion was to vacate the order striking the complaint and for judgment by default for failing to answer. The court denied the motion to vacate and also denied the motion for judgment, but no judgment was ever entered against the plaintiff or for the defendant. The further statement in the opinion to the effect that "this court has elected to consider this appeal on the issues raised therein rather than dismiss the appeal" does not give this court jurisdiction to review an order which is not final. The right of appeal is purely and strictly statutory. *Durkin v. Hey,* 376 Ill. 292. The statute provides for appeals only from final orders, judgments or decrees. (Ill. Rev. Stat. ch. 110, par. 201 [Jones Ill. Stats. Ann. 104.077].) Other orders, judgments and decrees are not appealable (*People v. Mitchell,* 325 Ill. 472) and unless the order appealed from is a final one, this court in a case of this character is without jurisdiction to consider the merits of the controversy.

What the record does show is that after an amended answer and an amendment to the amended answer and a demand for a jury trial had been filed an order was entered, on motion of the defendants, withdrawing the pleadings of the defendants and withdrawing their demand for a jury trial and by leave of court a motion was filed by them to strike the plaintiff's complaint. On January 15, 1945, this motion was heard and sustained. On January 22, 1945 a motion to vacate the order of January 15, 1945 was denied and on the same day a motion of the plaintiff for judgment was also denied.

On February 20, 1945 notice of appeal was filed in the circuit clerk's office but the abstract does not disclose from what order or orders the defendants have prosecuted their appeal. The record does not disclose the rendition of any judgment. All the trial court did, so far as shown by the record, was to enter an order sustaining defendant's motion to dismiss and denied a motion to vacate that order. With the record in this condition the only order this court has jurisdiction to enter is one dismissing the appeal. Where a motion to dismiss a complaint is sustained, it must be followed by a judgment for the defendant to the effect that the plaintiff take nothing by virtue of his action and that the defendant go hence without day or words of similar import or meaning. *Board of Education v. Board of Education,* 301 Ill. App. 228.

In the majority opinion, it is said: "The court in this case determined that it lacked jurisdiction and ended the proceeding for lack of jurisdiction. Such order was the final determination of the cause. It was a substantial determination that plaintiff had no cause of action on the bond. It seems quite apparent that it was the intention of the court in this case to terminate the suit on the bond because it thought it lacked jurisdiction and intended that its order to that effect was an order of final disposition of the case." It is the context of the order itself and not the determination or

intention of the court, that determines the character of an order. It is well settled that it is the judgment or order, and not the reason on which the judge bases it, that controls, and if a judgment or order is correct in result, the reason given by the court for it is immaterial, and the judgment will not be reversed because the court gave the wrong or an insufficient reason for its rendition. The reason which the court gave in this case when it sustained appellee's motion to dismiss was erroneous, but that reason plays no part in determining the character of the order entered.

If the trial court, instead of striking the complaint for the reason that it thought it had no jurisdiction, had gone further and entered an order dismissing the suit, either for supposed want of jurisdiction or for any other reason, such an order, whether right or wrong, would have been a final appealable order, but an order merely striking the complaint did not "end the proceeding." An order sustaining a motion to strike a complaint, or an amended complaint, standing alone does not end the proceeding and is not a final appealable order. (*Doner v. Phoenix Joint Stock Land Bank of Kansas City,* 381 Ill. 106; *Barber v. Wood,* 318 Ill. 415; *Trebbin v. Thoeresz,* 316 Ill. 30; *Moroni v. Albers,* 301 Ill. App. 633.) It is essential to finality that the case be disposed of, not merely by striking the complaint, but by an order or judgment that finally disposes of the case. Where an appeal is taken prematurely before entry of final judgment a court of review, must, on its own motion, dismiss the appeal even though no question of jurisdiction is raised by the parties, since in the absence of a final, appealable order, the parties cannot confer jurisdiction upon the court by consent. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569, 573; *Reynolds v. Wangelin,* 314 Ill. App. 12.) *Williams v. Huey,* 263 Ill. 275 and the other cases cited in the majority opinion do not sustain the holding of the majority opinion, but sup-

port the conclusion that this order is not a final, appealable one.

In the instant case the bond upon which this suit is based provided: "Now, if the said Chris Klabunde shall prosecute his appeal with effect, and pay whatever judgment shall be rendered against him by said court upon the trial of said appeal, or by consent or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the action without a trial by the court appealed to, will pay the judgment rendered against him by the said Justice JOHN E. WHITE and all costs occasioned by said appeal, then the above obligations to be void, otherwise to remain in full force and effect." This bond does not follow the provisions of the statute and is therefore not a statutory certiorari bond. Preceding the issuance of a statutory writ of certiorari there must be a statutory bond. Ill. Rev. Stat. ch. 79, par. 189 [Jones Ill. Stats. Ann. 71.174]. There may be, and probably is, a liability on the bond in this case upon a proper complaint being filed, if the allegations thereof are sustained by the proof, but whether there is or not should not be determined by this court upon this record. This case is still pending in the trial court and the appeal should be, by this court, dismissed.