Andrew J. McNail

v.

David Ziegler.

1. Witness—*competency of wife of party in respect to her separate property.* Where a defendant in replevin pleaded that the property replevied from him was the separate property of his wife, it was *held*, that the wife, under the act of 1867, was a competent witness to prove the execution of a bill of sale of the property by the plaintiff to her, and to the fact and manner of payment by her.

2. The fifth section of the act of Feb. 19, 1867, relating to witnesses, making the husband and wife witnesses for and against each other in litigation concerning the wife's separate property, is not restricted to cases where she is plaintiff or defendant, and where her title is admitted, but is general.

3. Replevin—*to recover goods sold.* Where a party sold mules by a bill of sale which was unconditional, it was *held*, that he could not maintain replevin against the purchaser or her husband on the ground that the price had not been paid.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

Mr. Wm. Winkelman, for the appellant.

Messrs. Snyder & Dill, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This is an appeal from the judgment of the St. Clair circuit court, in an action of replevin, in favor of the appellant against the appellee, tried in that court at its March term, 1873.

The principal controversy at the trial was upon the issue presented by a plea of the defendant, claiming that the property in controversy did not belong to him, but that it was the separate property of his wife, Elizabeth Ziegler. She was allowed, against the plaintiff's objection, to testify, as a witness

on this issue, to the execution of a bill of sale by the plaintiff for the property in controversy to her, and to the fact and manner of payment therefor. The verdict of the jury was for the defendant. Plaintiff made a motion for a new trial; which the court overruled, and gave judgment upon the verdict of the jury. To this, as well as to the admission of the evidence given by the defendant's wife, the plaintiff excepted, and now assigns these rulings as error.

We think the court below properly admitted the testimony of the defendant's wife, for the purpose and to the extent that it was given. The fifth section of "An act relating to the competency of witnesses in civil cases," approved February 19, 1867, expressly provides that the husband and wife may be witnesses for and against each other, where the litigation shall be concerning the separate property of the wife. This qualification is not, as is argued by the counsel for the plaintiff, restricted to cases where she is plaintiff or defendant, and where her title is admitted, but it is general, extending to all cases where the litigation shall concern her separate property, whether her title is admitted or controverted.

The litigation in this case, on the plea of property in the defendant's wife, was, in the language of the statute, "concerning her separate property," and it was important to her that she should be allowed to testify to protect it, in order to avoid the expense and inconvenience of bringing an action in her own name to assert her right.

But, aside from this, the bill of sale was conclusive evidence of title in the defendant's wife, whether she had paid for the mules or not, as there was no condition expressed in the bill of sale by which the title should revert. Plaintiff could not have maintained replevin even against her, and much less against her husband. He might have maintained a suit against her for the value of the property, but this was all. Her evidence, therefore, did not and could not change her title.

15—68TH ILL.

The jury were the proper judges of the weight of the evidence, and we see nothing in the record which induces us to believe that their verdict was the result of improper influences. It appears to us, indeed, to be sustained by a decided preponderance of the evidence.

We are unable to discover any error in the record, and the judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*