### Jennie Kolber, Plaintiff in Error, v. Dr. Lester E. Frankenthal, Defendant in Error.

### Gen. No. 14,934.

1. EVIDENCE—*when husband competent for wife.* An action for malpractice brought by the wife is her separate property and her husband is competent as a witness in her behalf.

2. EVIDENCE—*when offer of proof not essential.* If a witness be excluded from testifying as incompetent an offer as to what he will testify to is not essential to save for review the question of his competency.

3. EVIDENCE—*to what extent records competent.* A witness is only permitted to use a record made by himself to refresh his recollection; he cannot read it as independent evidence where he has no recollection of the circumstances and could only say that they were true because he found them on his memorandum.

4. APPEALS AND ERRORS—*when estoppel arises to question saving of question for review.* If upon the trial counsel concedes that a question is sufficiently saved for review he is thereafter estopped from urging that such question is not saved for review.

5. STATUTE OF LIMITATIONS—*when new cause of action set up.* If the original counts charge malpractice and the additional ones set up assault and battery the additional counts state new causes of action.

Trespass on the case. Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed January 6, 1911.

**Statement by the Court.** This is a suit brought by plaintiff, a married woman, living with her husband, against appellee, a surgeon upon the medical staff of the Michael Reese Hospital, who performed an operation upon her at the hospital early in September, 1901.

The original declaration, filed in June, 1903, contained two counts, charging in substance malpractice on the part of the defendant. In February, 1906, three additional counts were filed, to which pleas were filed, including one plea of the statute of limitations to all three counts. Plaintiff's demurrer to this plea of statute of limitations was *overruled* as to the third count, but sustained as to the other two.

At the close of the trial the court gave a peremptory instruction for the defendant, and, after overruling the motion for a new trial, entered judgment. The plaintiff brings the case here upon a writ of error, and contends that the court erred in

1. Excluding the testimony of the husband tendered as a witness in behalf of his wife.

2. Overruling the demurrer to defendant's plea of the statute of limitations to the third additional count.

3. In not permitting a witness (Dr. Murphy) to read from a record made by him at the time of a physical examination of the plaintiff which he made in the latter part of September, 1901.

The evidence tends to show that plaintiff was a married woman, who, accompanied by her husband, went to the hospital to have an operation performed by the defendant; that one Dr. Haberlain, an interne at the hospital, was directed by the defendant to examine plaintiff and report her condition; that he made such examination, but declined to state to her what he found until after he should have a talk with the defendant; that before the operation, defendant told plaintiff that the operation he was about to perform upon her was nothing but curettement or scrape; that after the operation she was in much pain, and believed that a more extensive operation had been performed

than was agreed upon; that defendant several times answered plaintiff's inquiry by stating that he would not tell her what operation had been performed; that plaintiff told defendant that she came to the hospital for a scrape, and that he replied, "Yes, you had more too, but I would not tell you what operation you had." Plaintiff claimed that, instead of the operation contemplated, the defendant performed a more extensive one, and without her knowledge or consent actually removed her uterus.

The husband of the plaintiff was tendered as a witness on her behalf, and the trial court held that, being such husband, he was disqualified from testifying. The plaintiff evidently expected to prove by the witness some admissions by the defendant, and she made a somewhat informal tender or offer of what the witness would testify to. Subsequently, being in doubt whether the offer was sufficiently specific, plaintiff recalled him and sought to make the offer in due form, and to submit authorities in favor of the admissibility of his testimony, and counsel for defendant conceded that the point was sufficiently saved in the record.

Doctor Murphy was called by the plaintiff, and gave his recollection as to her condition late in September, 1901, when he examined her. He was then asked to state what his *record* of the examination showed, in addition to what he had testified, to which question the court sustained an objection.

OSSIAN CAMERON and SAMUEL J. ANDALMAN, for plaintiff in error.

KICKHAM SCANLAN and D'ANCONA & PFLAUM, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

We are of the opinion that this suit is brought by

the plaintiff in her own right, and that the cause of action is her separate property. This being so, the husband was a competent witness, and in refusing to allow him to testify the court below committed error, for which the judgment must be reversed and the cause remanded. Johnson v. McGregor, 157 Ill. 350; Anderson v. Friend, 71 Ill. 475. Nor do we think that a specific offer as to what the husband would testify to necessary, where, as in this case, he was excluded as being incompetent to testify. Haussknecht v. Claypool, 66 U. S. 431; State v. Thomas, 111 Ind. 515. In an event, however, the defendant is estopped from raising this question.

As to the demurrer to the statute of limitations; the second original count charges, in substance, that the defendant was guilty of malpractice while the third additional count, to which the statute of limitations was interposed, charges wilful and wanton conduct on the part of the defendant, and is essentially one for assault and battery,—being a different cause of action from that stated in the two original counts. This count having been filed more than four years after the cause of action accrued, the demurrer to the plea of statute of limitations as to this additional count was properly overruled.

The court below did not err in refusing to allow Doctor Murphy to state what his record of the examination showed, in addition to what he had testified to. The witness was at liberty to examine the record to refresh his recollection, but he could not read it as independent evidence where he had no rcollection of the circumstances, and could only say they were true because he found them on his memorandum. C. & A. R. R. Co. v. Adler, 56 Ill. 344.

*Reversed and remanded.*

MR. PRESIDING JUSTICE MACK did not participate in the consideration of this case.