John Saults, Conservator of William H. Hill, Plaintiff in Error, v. Marguerite N. Hill, Defendant in Error.

Gen. No. 8,245.

Opinion filed January 24, 1929.

A. B. DENNIS and GRAHAM & DYSERT, for plaintiff in error.

LEWMAN & CARTER, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

John Saults, as conservator of William H. Hill, commenced this replevin suit in a justice court in Vermilion county against the defendant in error, Marguerite N. Hill, the wife of William H. Hill, to recover the possession of certain household furniture, which it was claimed was wrongfully detained by the defendant in error. There was a trial in the justice court, which

resulted in a finding and judgment in favor of the plaintiff in error. Thereupon an appeal was prosecuted to the circuit court, and upon a trial in that court there was a verdict and judgment in favor of the defendant in error. This writ of error is prosecuted to reverse the judgment.

Several errors are assigned and argued for reversal of the judgment, but for the purposes of a review of the case, it is necessary only to consider the one which concerns the ruling of the court with reference to the competency of William H. Hill, the husband of the defendant in error, as a witness. Hill was called as a witness to testify concerning the ownership of the property and the right to the possession of the same. Counsel for the defendant in error objected to his competency, and the objection was sustained by the court, and he was not allowed to testify. This ruling of the court was erroneous. Under section 5 of chapter 51 of the Act concerning evidence and depositions. Cahill's St. ch. 51, ¶ 5, the husband and wife are competent witnesses for or against each other "where the wife would, if unmarried, be plaintiff or defendant," which is the case here; husband and wife are also competent witnesses for or against each other where the litigation concerns the separate property of the wife. *McNail v. Zeigler,* 68 Ill. 224; *Smith v. Long,* 106 Ill. 485; *Booker v. Booker,* 208 Ill. 529.

It may also be pointed out, in reference to the competency of the defendant in error as a witness, that the plaintiff in error was not a conservator of an "idiot, habitual drunkard, lunatic, or distracted person," but was suing as conservator of a spendthrift. A spendthrift is not necessarily an "idiot, habitual drunkard, lunatic, or distracted person."

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*