Josephine Kostlan, Appellee, v. Joseph Pavelka, Appellant.

**Gen. No. 34,622.**

Opinion filed March 24, 1931. Rehearing denied April 6, 1931.

JOHN R. McCABE and HARRY HOFFMAN, for appellant; CLYDE C. FISHER, of counsel.

WILLIAM C. GREATMAN, for appellee; HENRY A. STEINBERG, of counsel.

Mr. Justice Gridley delivered the opinion of the court.

On April 4, 1930, plaintiff commenced an action in replevin in the circuit court to recover the possession of a certain described Pierce-Arrow automobile, naming as defendants Joseph Pavelka, Otto Albrecht (a constable), Fred Kostlan (plaintiff's husband) and the Wesley Garage. On the same day the sheriff took the automobile under the writ and delivered it to plaintiff. Service of the writ was had on Pavelka but the other defendants were not served. At the trial without a jury in May, 1930, plaintiff dismissed the cause as to all defendants except Pavelka, who had pleaded *non cepit, non detinet* and property in himself. A mass of oral and documentary evidence was introduced on behalf of the parties, which, as appears in defendant's abstract and plaintiff's additional abstract, we have reviewed. The court found that the right to the possession of the property was in plaintiff, and adjudged that she have and retain the same, etc. From the judgment defendant has appealed.

Some of the facts disclosed on the trial are in substance as follows: In February, 1929, plaintiff as Mrs. Josephine Hruby, a divorced woman, was living at No. 1802 58th court, in Cicero, Illinois. She and Fred Kostlan had become engaged to be married. She owned a Paige automobile. Kostlan said he wished to give to her a new automobile as a pre-wedding gift. Later in the month they went together to the place of business of the Pierce-Arrow Motor Car Co. in Chicago, and selected the car involved in the present litigation at the price of about $3,600. It was arranged that plaintiff would turn in to the Pierce-Arrow Co. her used Paige automobile at an agreed valuation of $400, to be applied in part payment of the purchase price of the new car, and Kostlan separately agreed with the Pierce-Arrow Co. that he would pay

$1,600 in cash and give his note for about $1,600, the balance of the purchase price, payable in future instalments and secured by a chattel mortgage on the car. The Paige automobile was turned in, Kostlan made a cash payment and signed the notes and mortgage which thereafter came into the possession of a finance company, Michigan Federal Motor Co., with which the Pierce-Arrow Co. did business. Plaintiff did not join in signing the notes and mortgage, but she probably had knowledge of the making of the mortgage to secure certain payments that were deferred. The new car, bearing her initials "J. H." was delivered at her residence and thereafter and until her marriage to Fred Kostlan on June 21, 1929, she exclusively used the car. She then and thereafter claimed that the same was her separate property, having acquired it partly by purchase and partly by gift from Kostlan, who became her husband. On July 23, 1929, he was behind in his payments on the car, and the Pierce-Arrow Co., feeling itself insecure, caused Kostlan to sign other papers, including a conditional sales agreement which was offered in evidence but refused admission by the court. Plaintiff did not join in the execution of any of these papers and it does not clearly appear that she had any knowledge of their execution at the time. The married life of the Kostlans afterwards was not harmonious. In August, 1929, they separated—he leaving her home in Cicero, where they had lived together after the marriage and about this time divorce proceedings were instituted. About February 1, 1930, owing to Kostlan's failure to meet payments on the car, some new financing was done through one Milton Wilson, doing business as Reliable Finance Corporation. Without the consent of plaintiff, Kostlan, claiming to be the owner, took possession of the car, and executed and delivered new notes and a new chattel mortgage to Wilson, who advanced suffi-

cient money to pay the balance due to the Pierce-Arrow Co. on the former notes and mortgage, and also additional money to Kostlan, and said former notes were paid,—the Pierce-Arrow Co. thereby receiving full payment of the original contract price of the car. Wilson assigned the new notes and mortgage to defendant, Joseph Pavelka, for a consideration of about $1,400, then paid. During March, 1930, through certain foreclosure proceedings or otherwise, Pavelka got possession of the car, and on April 4, 1930, it was taken by the sheriff under the replevin writ in the present action and given to plaintiff.

The main ground for a reversal of the judgment, as urged by defendant's counsel, is the refusal of the court to allow Fred Kostlan to testify as a witness when presented as such by defendant. On his taking the stand and stating that plaintiff was his wife, plaintiff's attorney objected to his testifying at all, arguing that under section 5 of the Evidence Act he was not a competent witness. The court sustained the objection. In this ruling we think the court erred. In said section 5 of the Act (Cahill's St. 1929, ch. 51, ¶ 5, p. 1304) it is provided: "No husband or wife shall, by virtue of section 1 of this Act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution, *except* in cases where the wife would, if unmarried, be plaintiff or defendant, . . .; and *except* in cases where the litigation shall be concerning the separate property of the wife, and suits for divorce; . . . in all of which cases the husband and wife may testify for or against each other, in the same manner as other parties may, under the provisions of this Act: *Provided,*" etc. On the trial, plaintiff, the wife, claimed that the automobile in question was her separate prop-

erty and that she was entitled to its possession. In *McNail v. Ziegler,* 68 Ill. 224, 225, it was held in substance that where a defendant in replevin pleaded that the property replevied from him was the separate property of his wife, the wife was a competent witness, under the provisions of the then existing similar statute, to prove the execution of a bill of sale of the property by the plaintiff to her, and to the fact and manner of payment by her. And it was further held in substance that the then existing statute, making the husband and wife witnesses for and against each other in litigation concerning the wife's separate property, is not restricted to cases where she is plaintiff or defendant, and where her title is admitted, but is general. In *Linkemann v. Knepper,* 226 Ill. 473, 477, it is said: ''The proposition is too well settled in this State to require extended discussion or the citation of authorities, that the husband may testify in all cases where the litigation concerns the separate property of the wife, unless the wife herself is incompetent by reason of the capacity in which the opposite party sues or defends.'' In *Marks v. Madsen,* 261 Ill. 51, 53, it is said: ''The husband of plaintiff was called as a witness and was allowed to testify, over the objection of the defendant. Under section 5 of chapter 51 of the Revised Statutes the husband was competent, because the litigation was concerning the separate property of his wife, and the general objection was properly overruled. Under the proviso of the section he was not competent to testify to *conversations* of his wife.'' In *Pain v. Farson,* 179 Ill. 185, 195-6, it is said: ''Under section 5 of the chapter on evidence and depositions, the husband is a competent witness on behalf of the wife in litigation concerning her sole and separate property. He is also a competent witness in reference to *transactions* where he has acted as the agent of the wife.'' In *Kolber v. Frankenthal,* 159

Ill. App. 382, where an action for malpractice was brought by a married woman against a physician, it is said: (p. 384): "We are of the opinion that this suit is brought by the plaintiff in her own right, and that the cause of action is her separate property. This being so, the husband was a competent witness, and in refusing to allow him to testify the court below committed error, for which the judgment must be reversed and the cause remanded. . . . Nor do we think that a specific offer as to what the husband would testify to necessary, where, as in this case, he was excluded as being incompetent to testify." (Citing *Haussknecht v. Claypool,* 66 U. S. 431, 435; *State v. Thomas,* 111 Ind. 515, 518.)

And, after examining the entire admitted evidence, we are not satisfied that the finding of the court is sufficiently supported by a preponderance of the evidence.

For the reasons indicated the judgment appealed from is reversed and the cause remanded.

*Reversed and remanded.*

SCANLAN, P. J., and KERNER, J., concur.